GOTTSCHALK CO. OF BALTIMORE CITY *v.* DISTILLING & CATTLE FEEDING CO. OF ILLINOIS.

*(Circuit Court, D. Maryland. April 19, 1892.)*

FOREIGN CORPORATIONS—SERVICE ON AGENT.

A nonresident corporation sold its goods only to certain persons in each state, whom, in its circulars, it styled "distributing agents," under an agreement whereby each of the latter was to buy exclusively from it, and to sell at trade prices prescribed by it. On complying with these conditions for a given time, the "agent" was to become entitled to a certain rebate, and also to have authority to issue to his wholesale customers certificates binding the corporation to pay a rebate directly to them, provided they continued for a given time to purchase from him exclusively. He sustained no other relation to the company, and the goods purchased by him were absolutely his own. *Held*, that he was not the agent of the corporation, within the meaning of Code Md. art. 23, §§ 295, 296, authorizing service against foreign corporations upon their agents or attorneys.

At Law. Action by the Gottschalk Company of Baltimore City against the Distilling & Cattle Feeding Company of Illinois. Motion to set aside the return of service. Granted.

*Wm. Pinkney Whyte* and *Isidor Rayner*, for plaintiff.

*M. R. Walter*, for defendant.

MORRIS, District Judge. This action was begun in the superior court of Baltimore city. The defendant is an Illinois corporation. The sheriff's return is: "Summoned the Distilling & Cattle Feeding Company of Illinois, by service on Charles A. Webb, agent; copy of *narr.* and notice to plead left with defendant." The defendant, having appeared specially and moved to set aside the return, has removed the case into this court. The reasons urged in support of the motion to set aside the sheriff's return are that Charles A. Webb, upon whom the writ was served, was not, and is not, an agent of the defendant, or a person in its service, and that the defendant did not transact business within the

state of Maryland.    The Maryland Code provides that any foreign corporation, which shall transact business in Maryland, shall be deemed to hold and exercise franchises therein, and shall be liable to suit in any court of the state by a citizen of the state, for any cause of action, and that process may be served on such corporation by service upon any agent, attorney, or other person in the service of such corporation. Code, §§ 295, 296, art. 23.    The testimony adduced at the hearing of this motion shows precisely the relation which Webb held to the defendant corporation.    The defendant sells its products only to certain selected persons in each state, and to none others.    These persons, in a trade circular published by defendant, are styled its "distributing agents."    In Maryland there were two.    One was Webb, upon whom the process was served, and the other, until just before the institution of this suit, was the plaintiff.    The terms upon which these "distributing agents" agreed to deal with the defendant were that they should buy exclusively from the defendant such goods as it manufactured, and should sell them at trade prices established by the defendant; that at the end of five months from the date of each purchase, if they had continued in the mean time to buy exclusively from defendant, they were entitled to a rebate of two cents on every proof gallon; and they were allowed also to issue to their wholesale customers a rebate certificate obligating the defendant to pay such customer, at the expiration of six months, a rebate of five cents per proof gallon, provided during that six months the wholesale customer had purchased all his supply of such goods as the defendant manufactured from some distributing agent of the defendant.    The rebate certificates were payable by the defendant at a bank in Illinois. Also on all goods sold by the "distributing agent" to retail customers, the distributing agent was allowed, upon like terms, a rebate of five cents per gallon.    The course of business, in substance, amounted to this: that the "distributing agents," if they continued in good faith to deal exclusively with the defendant, were entitled, at the end of five months, to a rebate of two cents per gallon, and on sales to retail customers to an additional rebate of five cents, and their wholesale customers were entitled to a rebate of five cents.    The defendants required the "distributing agents" to send them a list of all the wholesale customers to whom they issued rebate certificates, and a list of all the retail customers on sales to whom they claimed the five cents rebate.    Except in the arrangement with regard to the rebate, and except the establishing of a trade price at which the goods were to be sold, the transaction did not differ in any way from the purchase by a resident of Maryland of goods from an Illinois corporation at its place of business in Illinois; and, unless it be by granting the rebate and fixing the trade price, the defendant did not transact business in Maryland in any other sense than every foreign corporation does when it sells goods at its home office, and ships them to a resident of Maryland.    The defendant, according to the proof, has no office in Maryland, and it has no goods in Maryland, and it receives no money in Maryland, and has no agent here authorized either to sell goods for it or to receive any money for it.    The goods purchased from the de-

fendant by Webb and by the plaintiff were absolutely their own, and subject to their own control and at their own risk. The only restriction consisted in the understanding that the rebate was payable only on the condition of continuous dealing with the defendant and compliance with its trade regulations. They could do what they pleased with the goods if they chose to sacrifice the rebate, which was payable by the defendant only on the conditions prescribed.

There are only two circumstances to which the plaintiff can point as tending to establish its contention that the service of process was within the terms of the Maryland Code. The first is that the persons in Maryland to whom the defendant sold its goods are in its published circulars called its "distributing agents." The mere name, however, cannot give a representative capacity to a person who does not, in fact, have it, and never attempts to exercise it. It may be said to be a misleading description, but it did not mislead the plaintiff, as the plaintiff, being so designated itself, knew the meaning of the term. These so-called "distributing agents" were such only in the sense that any wholesale merchant or commission house which handles the goods of a manufacturer may be said to be a distributer of its products, and there is nothing unusual in a manufacturer selling exclusively to one person in a given territory, and insisting that such person shall sell only at fixed prices and upon fixed terms to his customers. The other circumstance is that the so-called "distributing agents" were furnished with a printed rebate certificate, which they were authorized to issue in the name of the defendant to their wholesale customers, payable in Illinois at the end of six months, upon the condition of continuous dealing. This was no more than an authority to sign the defendant's name to a draft, or to draw a draft to be paid by the defendant in Illinois, if the prescribed conditions were fulfilled. It was not performing a service for the defendant, but performing a service for the distributer himself, as an inducement to his customer to buy from him the goods which the distributor had bought from the defendant. In no reasonable sense can Webb be said to have stood in any representative character towards the defendant, or to have performed any service for it, so far as the testimony discloses. He was a buyer, and the defendant was a seller, with the added arrangement that, if the buyer claimed the agreed rebate for himself or for his customer, he was required to comply with the terms agreed upon, and in so complying he performed no service for the defendant, but was serving himself, in order to get back the rebate on the price he had paid or had agreed to pay. In *St. Clair* v. *Cox*, 106 U. S. 350, 1 Sup. Ct. Rep. 354, the supreme court held that a foreign corporation could not be sued in a state unless it transacted business in that state; and Mr. Justice FIELDS, delivering the opinion of the court, very fully discusses the character of the transactions and the nature of the employment which are necessary to give the requisite representative character to the person on whom process may be served. In the case of *U. S.* v. *American Bell Tel. Co.*, 29 Fed. Rep. 17, the principles of *St. Clair* v. *Cox* were applied to a case very much stronger in its facts than the present one, and

it was there held that it was not shown that the foreign corporation sued in Ohio had exercised franchises in that state, or placed itself or its business within that state so as to be found there. I am of opinion that the motion to set aside the sheriff's return must be granted.