RYERSON *v.* WAYNE CIRCUIT JUDGE.[1]

1. APPEAL—PRACTICE—OBJECTION NOT RAISED BELOW.

An objection that a motion to set aside service on a foreign corporation was not the proper remedy, but that the question should have been raised by plea, is not available when first made on appeal.

2. NONRESIDENT CORPORATIONS—SERVICE OF PROCESS—SALESMAN AS AGENT—STATUTES.

One in the employ of a nonresident corporation in the capacity of a traveling salesman, supplying goods to retail dealers in several States, is an agent of such corporation, within the meaning of Act No. 61, Pub. Acts 1895, authorizing service of process in commencement of suit against any corporation not organized under the laws of this State, in all cases where the cause of action accrues within the State, upon "any agent" of the corporation.[2]

*Mandamus* by Albert W. Ryerson to compel Joseph H. Steere, presiding circuit judge of Wayne county, to vacate an order setting aside the service of a summons in a suit against a foreign corporation. Submitted July 6, 1897. Writ granted September 14, 1897.

*Bowen, Douglas & Whiting,* for relator.

*Frank E. Robson,* for respondent.

MOORE, J.  March 11, 1897, relator, a resident of Detroit, commenced a suit by summons in the Wayne circuit court against the Beach & Clarridge Company, a Massachusetts corporation, for a cause of action accruing in Wayne county. The service was made upon H. L. Baker, who is said by relator to be the traveling agent of

---

[1] Rehearing denied November 23, 1897.

[2] On the question who may be served with process in a suit against a foreign corporation, there is an extensive note to *Foster* v. *Charles Betcher Lumber Co.,* ( S. Dak.) 23 L. R. A. 490.

said corporation.   Motion was made to set aside the service, because unauthorized.   The service was set aside and the proceedings dismissed.   It is sought to review that action here.

It is claimed the service was authorized by Act No. 61 of the Public Acts of 1895, which reads:

"Suits may be commenced at law or in equity in the circuit court for any county of this State where the plaintiff resides   *   *   *   against any corporation not organized under the laws of this State, in all cases where the cause of action accrues within the State of Michigan, by service   *   *   *   upon any officer or agent of the corporation," etc.

The record shows that Mr. Baker was a traveling salesman of the Massachusetts corporation.   His business was the taking of orders for goods in this and a number of other States.   He had no office in this State.   He did not have charge of any men under him.   His duties were those of the ordinary traveling agent, selling goods to retail dealers.

Relator contends that the motion to set aside the service was not the proper remedy; that the question should have been raised by plea.   The record does not disclose that this objection was made in the court below.   There the relator filed counter affidavits, and proceeded to a hearing of the motion as made.   We do not think the point can be raised here for the first time.

It is the claim of the respondent that Mr. Baker was not such an agent as is meant by the statute, where it authorizes service upon an agent; citing *Newell* v. *Railway Co.*, 19 Mich. 336; *Watson* v. *Wayne Circuit Judge*, 24 Mich. 38; *Lake Shore, etc., R. Co.* v. *Hunt*, 39 Mich. 469; *Pettit* v. *Booming Co.*, 74 Mich. 214; *Kirby Carpenter Co.* v. *Trombley*, 101 Mich. 447.   These cases do not throw much light upon the discussion, as the statute construed by them is quite different from the one to be construed here.   In the last three cases the statute reads

114 Mich.—23.

that service might be made on certain officers, and the "general or special agent, superintendent, or other principal officer."

Counsel also cites *Maxwell* v. *Railroad Co.*, 34 Fed. 286. In this case Justice Brown held: "It does not appear to me that the law of this State with respect to suits against foreign corporations (2 How. Stat. § 8145) cuts any figure in the case, since it provides for service of process upon the agent of a foreign corporation only where the cause of action arises within this State;" and he held that the cause of action did not arise in this State, and for that reason the court did not get jurisdiction. In the case of *Fairbank & Co.* v. *Cincinnati, etc., R. Co.*, 4 C. C. A. 403, 54 Fed. 420, there was a dissenting opinion, which we think is more in harmony with the later decisions of this court, which we shall hereafter cite, than the prevailing opinion. In *Gottschalk Co.* v. *Distilling, etc., Co.*, 50 Fed. 681, it was held that the person called a "distributing agent" was not an agent, but was a purchaser of the goods of defendant.

We think the record fairly discloses that the Massachusetts corporation was doing business in this State, and that it was done through the agency of Mr. Baker, its traveling agent, and that the case comes within the provisions of the statute. There can be no doubt of the right of this corporation to do business in this State, and of its right to sue its debtors in the courts of this State. When it undertakes to do business here, it must do so in compliance with our laws, which provide for the bringing of suits and the method of service. *Vorheis* v. *People's Mutual Ben. Soc.*, 86 Mich. 31; *Shafer Iron Co.* v. *Iron Circuit Judge*, 88 Mich. 464; *Turner* v. *Tunnel Co.*, 102 Mich. 574.

We think the service of process was good. The writ will issue as prayed.

The other Justices concurred.