ATLAS GLASS CO. v. BALL BROS. GLASS MFG. CO.

(Circuit Court, N. D. New York. June 1, 1898.)

1. PRINCIPAL AND AGENT—WHEN RELATION EXISTS—PARTICULAR CASE.

An agreement by which A. is to sell the goods of B. at specified prices, receiving a commission for his services, and to report all orders to B., who is to enter them as sales to A., creates the relation of principal and agent under a del credere commission, and not that of vendor and purchaser.

2. PROCESS—SERVICE ON CORPORATION—MANAGING AGENT.

A person appointed by a corporation to sell its goods at fixed prices, receiving a fixed commission, and having no authority outside of such sales, is not a "managing agent," within the meaning of Code N. Y. § 431, and service of process upon him is not service upon the corporation.

This was a bill in equity by the Atlas Glass Company against the Ball Bros. Glass Manufacturing Company. The cause was heard on a motion to set aside the service on defendant.

William L. Pierce, for complainant.
Frederick G. Fincke, for defendant.

COXE, District Judge. The defendant is a New York corporation. The certificate filed with the secretary of state gives the office of the company at Buffalo, N. Y., where the factory and place of business of the company were formerly located. In 1893 the business was removed to Muncie, Ind., where it now is. The subpoena was served upon R. G. Wright, of Buffalo, as agent of the defendant. When the defendant removed its business to Indiana it retained an office at Buffalo until December, 1896, when it sold its property there to the said Wright.

Two letters appear in proof, dated respectively May, 1897, and January, 1898, written by Wright upon the paper of R. G. Wright & Co. on which appears a lithographic picture of the "Muncie Works" and a

statement that the firm are the "successors to and agents for Ball Bros. Glass Mfg. Co." Immediately prior to the commencement of this suit the counsel for the complainant telegraphed to Wright & Co. asking for the Buffalo address of the defendant and received a reply as follows: "Ball Bros. Glass Mfg. Co., 52 Terrace, Buffalo." On the 18th of January, 1898, the defendant entered into a contract with Wright & Co. in which it says, "We hereby appoint you our selling agents for the Eastern market." Pursuant to this agreement the firm were to sell the Mason fruit jars manufactured by the defendant according to its prices attached to the agreement. They could make no profit except their "selling commission" and were to report all orders to the defendant who was to enter them as sales to the firm. The agreement continued in force for about four and a half months. This agreement superseded all prior arrangements and must be regarded as establishing the legal relations of the parties at the time the process was served. The declarations of Wright & Co., assuming that they have any bearing upon the question in issue, were made prior to this agreement and when a different status existed. The statement in the telegraphic dispatch was made afterwards, but so far as appears was wholly unauthorized by the defendant.

It is argued by the defendant that the agreement of January 18th did not create an agency of any kind but was simply a contract of sale. The agreement is unique in several respects and much may be said in favor of this contention, but it is thought, considering the paper in its entirety, that it did not create the relation of vendor and purchaser, but rather that of principal and agent. Wright & Co. were to sell, for a short period, the defendant's goods under a del credere commission and receive for their services 5 per cent. of the invoice price. The provision that the goods were to be charged directly to Wright & Co. was but another way of saying that they agreed to guaranty the sales. The question is not what the parties intended to do but what they actually did do.

It appears, then, that at the time the subpoena was served Wright & Co. were the agents at Buffalo to sell for a brief period a particular line of goods manufactured by the defendants under a strict and limited agreement. The question for decision may be stated as follows: Can a New York corporation, having no officer or director within this state, be sued in this court by serving process upon an agent who has no other relation to the corporation than to sell its goods in the capacity above indicated?

Section 914 of the United States Revised Statutes has no application as "equity and admiralty causes" are expressly excepted from its provisions, but both counsel, apparently, agree that section 431 of the New York Code is applicable, the power which called the defendant into being having the authority to prescribe the method by which it shall be brought into court. Section 431 provides that service upon a domestic corporation may be made by delivering the process "to the president or other head of the corporation, the secretary or clerk of the corporation, the cashier, the treasurer, or a director or managing agent." No authority cited by counsel or fa-

miliar to the court holds that the·facts established here are sufficient to constitute one a "managing agent."

In construing the statute the doctrine of noscitur a sociis is applicable; the term "managing agent" is found associated with "president," "secretary," "clerk," "cashier," "treasurer" and "director," and it is to be presumed that the lawmakers intended to describe an agent possessing powers analogous to those of the executive officers of the corporation. He must be an agent employed by the corporation, representing it in some capacity and acting for it to a limited extent at least. A person appointed to sell at a fixed price and for a fixed commission a single class of goods manufactured by a corporation for a period of four months, is not a "managing agent." He manages nothing. He is invested with no power requiring the exercise of judgment or discretion. He does not even possess the power of an ordinary agent; he is tied hand and foot. He is a mere commission merchant or consignee, the single sphere in which he represents his principal being restricted to the narrowest limits. It is well known that many of the large manufacturing companies have arrangements with merchants in the large cities similar to the agreement in proof. It has never been decided that a mere factor who acts as the medium through whom the soap, or flour, or glass manufactured by his principal, reaches the public, is the managing agent of that principal. R. G. Wright & Co. were not the managing agents of the defendant in any legal sense. The motion is granted.