HONERINE MIN. & MILL. CO. et al. v. TALLERDAY STEEL PIPE & TANK CO. et al.

No. 1794. Decided December 5, 1906 (88 Pac. 9).

1. APPEAL—RECORD—CERTIFICATION.—When appellant's assigned errors are based on the evidence, and are determined against him on the evidence as by him presented, the respondent cannot complain although it does not affirmatively appear from the record that the bill of exceptions contains all the evidence.

2. CORPORATIONS—FOREIGN CORPORATIONS—ACTIONS—SUMMONS. Revised Statutes 1898, section 2948, as amended by Laws 1899, chapter, 51, page 74; Laws 1905, chapter 105, page 126 providing that service of summons on a foreign corporation must be by delivering a copy to an officer . . . "or other agent having the management, direction or control of any property of such corporation" did not authorize service on a person unconnected with the business for which the corporation was organized, and not having under his control any property, related to such business, but who, while temporarily in the state on his own business was intrusted by the vice president of a foreign corporation with a bill for collection.[1]

APPEAL from District Court, Salt Lake County; M. L. Ritchie, Judge.

Action by the Honerine Mining & Milling Company and another against the Tallerday Steel Pipe & Tank Company and another. From a judgment quashing the summons for failure of service, plaintiffs appeal.

AFFIRMED.

*Snyder & Snyder* for appellants.

*Stephens & Smith* for respondents.

---

[1] Saunders v. Nursery Co., 6 Utah 431, 24 Pac. 532.

APPELLANT'S POINTS.

The judgment dismissing the action terminated the matter; and the judgment was, therefore, a final judgment, and, as such, appealable. (*Re Auerbach Est.*, 23 Utah 529; *Watson v. Mayberry*, 15 Utah 265.)

The words "management, direction or control," are, when considered in this connection, very broad terms; their comprehensiveness and importance appearing in the order they are used. That the agent Elliott had the "management" of this property cannot be gainsaid. He likewise had both "direction," and control. (9 Enc. Law [2 Ed.], 459-60; *Potter v. Adriance*, 44 N. J. Eq. 17; *Rex v. Rawlinson*, 13 Eng. C. L. 99.)

Synonymous with command. (*Mulvey v. State*, 43 Ala. 316).

Equivalent of instruction. (*Railroad v. Barnes*, 2 N. D. 367.)

Service by an attorney who had claims in his hands, for collection, belonging to the defendant, was good. (*Saunders v. Nursery Co.*, 6 Utah 431; *Burgess v. Aultman & Co.*, 80 Wis. 292, 50 N. W. 175; *Moch v. Ins. Co.*, 10 Fed. 702; *Walker Bros. v. Insurance Co.*, 2 Utah 331.)

Under a similar statute to our present one, service on a subagent having collections in his hands was held good. (*Burgess v. Aultman*, supra; *Porter v. Railway*, 1 Neb. 14; *Palmer v. Post Co.*, 32 N. Y. S. 992 and cases.)

Where a traveling salesman visited the state in relation to the matter out of which the cause of action arose, it was held that the service was good under a statute requiring service on director, officer or agent. (*Abbeville, etc., Co. v. Western Co.*, 39 S. E. 559; *Ryerson v. Steere*, 114 Mich. 352, 72 N. W. 131; *New Haven, etc., Co. v. Mfg. Co.*, 130 Fed. 605; *Nelson, Morris & Co. v. Rehkopt*, 75 S. W. 203.)

The appellant claims that the decision and order of the court setting aside the service of the summons is unsupported by and contrary to the evidence.

The general rule has been laid down by this court in numerous decisions to the effect that where a bill of exceptions does not purport to give all of the evidence, the court cannot consider rulings based on its sufficiency, and it will be presumed upon appeal that there was sufficient evidence to support the findings. (*Olson v. Railroad,* 24 Utah 460; *Cochrane v. Bussche,* 7 Utah 233, 26 Pac. 294; *Culmer v. Cain,* 22 Utah 216, 61 Pac. 1008; *Snyder v. Emerson,* 19 Utah 321, 57 Pac. 300; *Warner v. Association,* 8 Utah 431, 32 Pac. 696; *Railroad v. Lorentzen,* 24 C. C. A. 262, 74 Fed. 10; *Alridge v. Alridge,* 120 N. Y. 614, 24 N. E. 1022; *James v. Dexter,* 113 Ill. 654; *Wood v. Railway,* 49 Mich. 370, 13 N. W. 779; *Beatty v. O'Connor,* 106 Ind. 81, 5 N. E. 880; *Antisdel v. Railway,* 26 Wis. 145, 7 Am. Rep. 44; *McLain v. Morse,* 42 Neb. 52, 60 N. W. 334; *State v. Strohbehn,* 96 Iowa 339, 65 N. W. 304; *Railway v. Amos,* 54 Ark. 159, 15 S. W. 362; *White Pine Co. v. Herrick,* 19 Nev. 311; 10 Pac. 215; *People v. Williams,* 45 Cal. 25; *Field v. Mining Co.,* 25 Utah 76; *Crooks v. Harmon,* 29 Utah 304; *Mitchell v. Jensen,* 29 Utah 346; *Hannan Brothers v. Waltenspiel,* 29 Utah 466; *Stone v. Ogden Packing Company,* — Utah —.)

In the noted case of *U. S. v. Telephone Co.,* 29 Fed. 37, there is a thorough discussion as to what constitutes doing business within a state; and the court held that the owning of instruments in a state, leased to other corporations, and the receiving of rentals therefrom does not domesticate such corporation.

The court held that:

"In the absence of a voluntary appearance, three conditions must concur or coexist in order to give the Federal Court jurisdiction *in personam* over a corporation created

without the territorial limits of the state in which the court is held, namely:

1st.   It must appear as a matter of fact that the corporation is carrying on its business in such foreign state or district;

2nd.   That such business is transacted or managed by some agent or officer appointed by and representing the corporation in such state; and

3rd.   The existence of some local law making such corporation or foreign corporations generally amenable to suit there, as a condition expressed or implied of the doing business within the state." (*Goodhope Co. v. Wire Fencing Co.*, 22 Fed. 635; *Glass Co. v. Glass Mfg. Co.*, 87 Fed. 418; *Clews v. Iron Co.*, 44 Fed. 31; *Wall v. Railway*, 95 Fed. 398; Morawetz on Private Corporations, sec. 522; *Wire Mill Co. v. Barb Wire Co.*, 32 Fed. 802.)

In the notes to the case of *Foster v. Lumber Co.*, 23 L. R. A. 490, there is a full discussion of the cases with reference to service upon foreign corporations.

FRICK, J.

The only question involved in this case is one of personal jurisdiction.   The appellants filed their complaint against the respondents in the district court of Salt Lake county, and the principal respondent, who will be designated as "Tallerday Company," being a corporation of the state of Iowa, and not engaged in doing business in Utah, was sought to be served with process by serving summons on one T. K. Elliott, who it is claimed, was an agent of said corporation upon whom service of process could be made, under the statute of this state.   After the return of summons showing service upon said Elliott, as agent for respondent Tallerday Company, said company appeared specially and objected to the service of summons as made, and moved to quash the same upon substantially the following grounds:   (1)   That said Tallerday Company is a foreign corporation, and has never done business within the state of Utah; (2) that the summons in the action was served upon T. K. Elliott who is not an officer of

said company; (3) that said Elliott, at the time of service, was not a clerk, superintendent, general agent, cashier, principal director, ticket agent, station keeper, managing agent, or other agent having control, management, or direction of any property of said corporation. This motion was supported by affidavits, and upon a hearing of the same, other evidence was produced from all of which it appears that the Tallerday Company some time previous to the year 1905, had sold a lot of pipe to the Utah Mining Machinery & Supply Company (hereafter called Supply Company) a Utah corporation; that a balance remained unpaid for said pipe concerning which a dispute arose. It further appears that T. K. Elliott had no connection whatever with said Tallerday Company at the time service was made upon him in any capacity except as hereinafter stated, but that he came West to Utah upon some private business; and, upon leaving his home in Waterloo, Iowa, H. G. Tallerday, the vice president of said Tallerday Company, had some conversation with him concerning the claim due from said supply company, and afterwards forwarded to said Elliott a letter to Salt Lake City, Utah, in which was inclosed a statement of the account, and in which letter said Elliott was authorized to take up the matter of said claim with said supply company, and to receive payment therefor. There is considerable evidence tending to sustain all the grounds set forth in the motion to quash which need not be set out here. The court, upon hearing of the motion, sustained the same, quashed the service of summons upon the ground that said Elliott was not an agent, or representative of said Tallerday Company, and entered a judgment dismissing the action, from which judgment this appeal is taken.

Respondents claim that the bill of exceptions is defective because the certificate of the judge allowing it does not certify that all of the evidence is contained therein. While this is true, and while it has repeatedly been held by this court that where the judge allowing the bill of exceptions does not certify that it contains all the evidence, and where this fact does not appear in some other way or manner in the

record, then this court is precluded from passing upon any question of fact involved in the action, and may be precluded from passing upon questions of law dependent upon any facts that might have affected the decision of the court below. We are not disposed to depart from or modify the rule in that regard heretofore established by this court; but in this case, in view of the conclusion reached by us, we shall assume that the bill of exceptions contains all of the evidence sub-mitted by appellants, and as they ask our judgment upon that, respondents cannot complain. The question, therefore, is, did the court err in sustaining the motion to quash and in dismissing the action? Counsel for the appellants contend that under the provisions of section 2948, Revised Statutes 1898, as amended by the Laws of 1899, p. 74, c. 51, and the Laws of 1905, p. 126, c. 105, the service of summons upon T. K. Elliott, was a statutory service as applicable to the service of process on foreign or nonresident corporations, and hence the court erred in dismissing the action. Section 2948, so far as material here provides:

"The summons must be served by delivering a copy thereof as follows . . . if the defendant is a foreign corporation . . . to the president, secretary, treasurer, or other officer thereof; or to the person designated by such corporation . . . as one upon whom process may be served. If no such person can be found, then upon any clerk, superintendent, general agent, cashier, principal director, ticket agent, station keeper, managing agent or other agent, having the management, direction, or control of any property of such corporation."

It is conceded that if the service in this case is to be held good, it must be because T. K. Elliott falls within the terms of the statute designated as "other agent having the management, direction, or control of any property of such corporation." Was Elliott an agent within the meaning of the statute above quoted? The term agent used in its general sense certainly is broad enough to include Mr. Elliott. He was intrusted with a matter in which he confessedly was to act for the Tallerday Company. It must also be admitted that when applied in its broadest sense the account given him for adjustment was property, and that it, for the purpose of adjust-

ment, was under his control. But, even after granting all this, the question still remains whether Elliott represented the corporation in the capacity contemplated by the statute for the purpose of making service upon him for the purpose of basing a personal judgment against the corporation within the purview of what is designated as due process of law.

It will be observed that the other persons named in the statute, upon whom service may be made, fall within a class, all of whom confessedly represent the corporation in the business for which it was created, and which it is conducting. Can it reasonably be contended that the "other agent" mentioned in the statute is intended to apply to persons other than the class first enumerated? If the object of the statute were other than for the purpose of conferring personal jurisdiction of the corporation, such a contention might not only be plausible, but might have great force. But, when the purpose of the statute is kept in mind, it seems clear to us that the phrase "other agent" must be given a restricted meaning, so as to bring it within the evident purpose and spirit of the statute. The phrase "other agent" therefore, we think, must be held to mean a person who is in someway connected with the business of the corporation for which it was created, or has under his control any property in some way related with such business. In this case Elliott was intrusted with a matter in which the corporation was interested to be sure, but he was not, within the meaning of the statute, an agent representing the corporation in respect to its general business. He was a stranger to the corporation in all matters excepting the claim given him for adjustment, and this claim, as appears from the record, was intrusted to him, and he received it more as an accommodation, and not in the nature of an employment, and merely because he came West to Colorado and Utah on his own private business. He was thus made the custodian of this claim and given the power to collect it if he could; nothing more. Moreover, it appears from the evidence that the claim was intrusted to him by Mr. Tallerday, the vice president of the company, not for the purpose of employing him as an agent of the company,

but merely to present it when in Salt Lake City for payment. It was therefore a mere isolated matter, not done with the purpose of appointing him as the agent to represent the corporation within the purview of the statute. The thought that we have in mind and desire to enforce is fairly well illustrated in the case of *Mikolas v. Hiram Walker & Sons limited,* 76 N. W. 36, where the Supreme Court of Minnesota, speaking upon this subject, say:

"The statute does not define the word 'agent,' but, as the service of process goes to the jurisdiction of the court over the person, it must be construed so as to conform to the principles of natural justice and so that the service will constitute 'due process of law.' To do this, the agent must be one having in fact a representative capacity and derivative authority. Such agent must be one actually appointed and representing the corporation as a matter of fact, and not one created by construction or implication, contrary to the intention of the parties."

Moreover the phrase "other agent" must be restricted in its application to the same class as are the other persons mentioned in the statute. This is illustrated in the case of *Atlas Glass Co. v. Ball Bros. Glass Co.* (C. C.), 87 Fed. 418, where Coxe, J., in passing upon the question now under consideration, says:

"In construing the statute the doctrine of noscitur a sociis is applicable; the term 'managing agent' is found associated with 'president,' 'secretary,' 'clerk,' 'cashier,' 'treasurer,' and 'director,' and it is to be presumed that the lawmakers intended to describe an agent possessing powers analogous to those of the executive officers of the corporation. He must be an agent employed by the corporation, representing it in some capacity, and acting for it to a limited extent at least."

For further illustrations of the foregoing maxim, see Lewis' Sutherland, Statutory Construction, sections 414-419. As to when certain words and phrases must receive a restricted application see same volume and author, section 376.

We do not wish to be understood as holding that by the term "other agent" it is intended that such "other agent" must possess executive powers, but what we do mean is that he must at least belong to that class of agents who have been appointed by the corporation to represent it in its business af-

fairs, or who are by it recognized as its agents, and intrusted with some of its property which in some way has connection with its general business affairs. In other words, the "other agent" must possess some of the powers possessed by the persons named immediately preceding the phrase "or other agent." The amendment to section 2948, Laws 1905, p. 126, c. 105, is significant. If the phrase "other agent" was intended to be as broad in its application as is contended for by counsel for appellants, then the amendment was wholly useless. The use of the word "person" used in the amendment clearly shows that the Legislature intended to reach persons other than the agents referred to in the original section, but even with the amendment of the original statute, as it now stands, the service in this case could not be upheld. This counsel seem to concede by their claim that the service in this case is made upon the "other agent" named in the original statute. The case of *Saunders v. Nursery Co.*, 6 Utah, 431, 24 Pac. 532, is not an authority in this case. The statute, under which the service was upheld in that case, provides that service upon a foreign corporation could be made on "any person . . . . who has any of its property in charge." The language there was much broader than in the present statute. Moreover in that case the corporation was doing business in Utah, and the person served was in its employ and had property in his possession pertaining to its general business and the business transacted by it in Utah. The authorities cited by counsel on both sides are based upon special statutes, some upholding and some denying jurisdiction under facts in some respects similar to the facts in this case, with the exception that in every case the person served was connected in some way with the general business of the corporation, and in every case the courts held that the corporation was transacting some business within the state where the person was served. The strongest case in favor of appellants is that of *Nelson, Morris & Co. v. Rehkopf & Sons*, 75 S. W. 203, a Kentucky case. But even in that case it was held that the corporation was doing business within the state, and the

person served was directly connected with that business. Other cases are *Abbeville Elec. Light & Power Co. v. Western Elec. Supply Co.* (S. C.), 39 S. E. 559, 55 L. R. A. 146, 85 Am. St. Rep. 890; *Ryerson v. Wayne, Circuit Judge,* 114 Mich. 352, 72 N. W. 131. The other cases cited by counsel for appellants are distinguishable from the case at bar upon other grounds than those in question here.

The following cases hold to the view that service of process upon a person other than one representing the corporation in some capacity, will not confer personal jurisdiction. (*St. Clair v. Cox,* 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; *U. S. v. Am. Bell Tel. Co.* [C. C.], 29 Fed. 17-37; *Good, Hope Co. v. Railway Barb Fencing Co.* [C. C.], 22 Fed. 635.) We remark here that in the case reported in 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222, the Supreme Court of the United States arrived at a conclusion directly opposite to the one reached in 114 Mich., supra, in passing upon the same identical statute. While it is both important and desirable that our citizens should be permitted to have recourse to their own courts for a redress of grievances against all persons, including foreign corporations, this fact alone cannot confer jurisdiction. To permit personal jurisdiction to be exercised upon service such as was had in the case at bar, would ultimately lead to a perversion of justice rather than to a furtherance thereof. No man could safely come to Utah with any property in his possession belonging to a foreign corporation; no attorney or banker could present an account for collection or adjustment, the property of a foreign corporation, without subjecting such corporation to the hazard of defending any and all kinds of claims preferred by any and all kinds of persons, whether resident or non-resident. If it is to be the policy of this state to make its courts the instruments through which all claims against foreign corporations not actively engaged in business in this state, and by all persons, can be litigated, then the Legislature, and not the courts, should declare that policy.

From the foregoing views, it follows that the lower court

did not err in quashing the service of summons and in entering judgment dismissing the action.

The judgment therefore is affirmed, at the cost of appellants.

McCARTY, C. J., and STRAUP, J., concur.