AMYOT *v.* WAYNE CIRCUIT JUDGE.

1. RAILROADS—TORT ACTION MAY BE BROUGHT IN HOME COUNTY OF PLAINTIFF.

Under 3 Comp. Laws 1915, § 12340, subd. 2, providing that all actions against railroads founded upon wrongs "shall be commenced and tried in the county where one of the parties resides," an action against a railroad company by a passenger for personal injuries may be commenced in plaintiff's home county, said right not being prohibited by paragraph 3 of said section, which rather defines the corporate residence of the railroad company where the action might be commenced at plaintiff's option.

2. SAME—CORPORATIONS—PROCESS—SERVICE UPON AGENT.

Under 3 Comp. Laws 1915, § 12432, authorizing service of process against a corporation to be made upon any agent thereof, return by the sheriff of service within his bailiwick upon C., "freight agent of said company," *held*, to show a good service upon defendant.

3. SAME—PRINCIPAL AND AGENT—DISTRICT FREIGHT AGENT.
   That the district freight agent of defendant railroad company also acted as freight agent of other railroad companies, and that he directly received his salary from one of said other companies, would make him none the less the agent of defendant.

4. SAME — EVIDENCE—JUDICIAL NOTICE—IMPORTANCE OF AGENT'S DUTIES.
   The court may take judicial notice, as touching the relative importance of the duties of defendant's district freight agent, as compared with ticket or station agents, conductors, etc., that all north-bound freight, which it was his duty to solicit, passing by rail from or through the lower peninsula of Michigan across the straits of Mackinac into the upper peninsula, or beyond by connecting lines ·into the great northwest, must be carried for a greater or less distance over defendant's line, and that he was therefore not a mere laborer, servant, or inferior agent.

Mandamus by Leonthine Amyot to compel Fred S. Lamb, acting circuit judge of Wayne county, to vacate an order quashing service of process. Submitted October 31, 1922. (Calendar No. 30,447.) Writ granted December 5, 1922.

*Charles Bowles,* for plaintiff.

*J. W. Dohany (A. E. Miller* and *R. R. Eldredge,* of counsel), for defendant.

STEERE, J. Plaintiff seeks by mandamus to compel defendant to set aside an order made by him quashing service of declaration and rule to plead in an action commenced by her in the circuit court of Wayne county against the Duluth, South Shore & Atlantic Railway Company. The action was brought to recover damages for an injury plaintiff charged in her declaration that she sustained through defendant's negligence at St. Ignace in Mackinac county while a

passenger on one of its trains. Service of process was made in Wayne county upon George C. Cochlan, who held the position of "district freight agent" for the Canadian Pacific, Minneapolis, St. Paul & Sault Ste. Marie, Spokane International and defendant Duluth, South Shore & Atlantic railways. He had an office in Detroit and his duties consisted of soliciting freight for said companies in the lower peninsula of Michigan, which constituted his district. His salary was paid by the Canadian Pacific Railway.

The record shows that plaintiff is and was when she brought action a resident of Wayne county, while the defendant railroad company had no principal office, tracks or right of way south of the Straits of Mackinac and neither owned or leased any line or right of way in the lower peninsula of this State, but did own and operate a railroad in the upper peninsula of Michigan and northern Wisconsin with the western terminus at Superior, Wisconsin, and eastern termini at Sault Ste. Marie and St. Ignace, Michigan.

The defendant railroad company appeared specially and moved the court to set aside the attempted service on the grounds that service upon Cochlan in Wayne county was not a valid service upon it under compiler's sections 12432 and 12433, 3 Comp. Laws 1915; and the action was improperly brought in Wayne county because in contravention of paragraph 3 of compiler's section 12340, 3 Comp. Laws 1915, "in that the principal office of the defendant is not situated in the county of Wayne, State of Michigan, and that no line of railroad owned or operated by said defendant runs into or traverses any part of said county of Wayne," as required to give the circuit court of that county jurisdiction under the provisions of said paragraph 3.

In making the order appealed from the trial court held the action properly planted by plaintiff in Wayne county where she resided, but held invalid and quashed

the service upon Cochlan on the ground that he was not an agent of defendant upon whom process could be served within the meaning of the statute.

Paragraph 2 of section 12340, 3 Comp. Law 1915, provides that:

"All actions founded upon wrongs, and contracts, except as herein otherwise provided, shall be commenced and tried in the county where one of the parties shall reside at the time of commencing such action;"

while paragraph 3, which is urged as a mandatory exception prohibiting an action in plaintiff's home county, provides that "suits may be commenced" against a railroad in any county in the State where its principal office is situated or in any county traversed by a line it owns or operates, or in which it owns or leases a right of way.

Paragraph 2 providing that transitory actions of this kind *shall* be commenced in a county where one of the parties resides follows former statutes of long standing with the added parenthetical qualification, "except as herein otherwise provided," while the exceptions in paragraph 3 and others which follow provide that "suits *may* be commenced" against corporations in various counties of the State under certain specified conditions of localization in the affairs of those artificial entities more or less analogous to residence, as applied to corporations or companies.

We are unable to construe paragraph 3 as a limitation prohibiting plaintiffs from commencing actions in their home counties against railway corporations; but rather construe the various permissive provisions in section 12340 as indicating a legislative intent to amplify or define the specified corporate residence of such defendant in which an action may be commenced at plaintiff's option.

The statutory provisions relative to service of

process upon corporations are compiler's sections 12432, 12433, 3 Comp. Laws 1915, reading as follows:

"SECTION 29. Process issued from any court of record against a corporation, partnership association or unincorporated voluntary association may be served upon any officer, director, trustee or agent thereof, or by leaving same during regular office hours at the office of such corporation, partnership association or unincorporated voluntary association, with any person in charge thereof. Except as otherwise provided in this act, all general or special laws relating to the service of process upon corporations are hereby repealed.

"SEC. 30. Whenever it shall become necessary to serve any process, notice or writing upon any company or corporation, owning or operating any steam, electric or street railway, in the State of Michigan, it shall be sufficient to serve the same upon any station agent, or ticket agent at any station or depot along the line, or at the end of the road of such company, or upon any conductor in charge of any train or car of such company along the line of, or at the end of the road of such company, and such service shall be deemed as good and effectual as if made on the officers, directors or other agents of such company: *Provided,* That the modes of service herein provided for, shall be in addition to those provided for in the preceding section: *Provided further,* That service shall not be made upon conductors of street cars in cities where the home office of the corporation is located."

The first section quoted expressly authorizes service of process against a corporation to be made upon *any* agent thereof, and repeals all other laws relative to service upon corporations "except as otherwise provided in this act." The process was against a domestic corporation which owned and operated a steam railway in this State. The immediately following section makes provision for special modes of service upon such a defendant "in addition to those provided in the preceding section," which when so made are to be deemed as good as if made on "the officers, directors

or other agents of such company," already specified. The sheriff of Wayne county made return in regular form of service within his bailiwick upon "G. C. Cochlan, freight agent of said company.", On its face this was a good service upon the defendant corporation under section 12432.

Two affidavits were filed in support of the motion to quash service, one by counsel for the railway company and one by Cochlan himself. Neither directly denies that he was a "freight agent of said company," as the sheriff returned. Counsel for the defendant railway said in his affidavit:

"George C. Cochlan, upon whom the declaration in the above entitled cause was served, is district freight agent at Detroit, Michigan, of the Canadian Pacific Railway Company, Minneapolis, St. Paul & Sault Ste. Marie Railway Company, the Duluth, South Shore & Atlantic Railway Company, and the Spokane International Railway Company. He is not an agent of said defendant, but only a solicitor of freight for said defendant as well as other railroads, and his duties as a solicitor of freight are confined to the lower peninsula of the State of Michigan."

Cochlan in his affidavit said in part:

"I am district freight agent of   *   *   *   the Duluth, South Shore & Atlantic Railway Company. *   *   * My duty as such district freight agent is limited to the soliciting of freight for the above mentioned railroads in the following territory: The southern peninsula of the State of Michigan."

Urging that the title given Cochlan in relation to his duties is of no significance in determining whether he was actually under a contract of agency with defendant and serving as such in contemplation of the statute, the points particularly stressed by counsel against the validity of the service are that he was district freight agent for other railroads as well as for defendant, his salary was paid him by the Canadian

Pacific and his duties were confined to soliciting freight for defendant and other railroads he also represented. That he did represent defendant in that capacity is not disputed. That he at the same time represented others with the mutual knowledge and consent of all, which is not questioned, would make him none the less district freight agent of defendant. Neither would the fact that he directly received his salary from the Canadian Pacific. The affidavits are silent as to what salary he receives, what time he separately devotes to the interest of each road, what proportion, if any, each road contributes to the salary the Canadian Pacific pays him, and other details as to his duties as a district freight agent peculiarly within the knowledge of the defendant railway. It is not shown that his accepted services to the defendant corporation as its district freight agent for the entire lower peninsula of the State were gratis, nor is it to be presumed.

Touching the relative importance of his position and duties as compared with ticket or station agents, conductors, etc., it may be noted as matter of common knowledge in connection with the transportation system of the country, of which the court can take judicial notice, that all north-bound freight by rail from or passing through the lower peninsula of Michigan across the Straits of Mackinac into the Upper Peninsula or beyond by connecting lines into the great northwest, must be carried for a greater or less distance over the defendant railway company's line. To efficiently represent railroad companies in soliciting and securing to their lines the patronage of shippers must necessarily require a broad and thorough knowledge of railroad transportation in its various phases with experience and ability to intelligently present and discuss the subject with many classes of prospective customers. One rendering such service could scarcely be classed as a mere laborer, servant or in-

ferior agent in the operation of the line he represents.

That Cochlan's duties as district freight agent were confined to soliciting and he was without authority to make contracts in the name of his principals, is not the test of responsible agency in such service. The important purpose of that service is to secure by convincing representation and solicitation consignments of shipments over the line or lines represented, for classification and rates are a matter of public control. Defendant had confided to Cochlan the management of the business of soliciting freight throughout the lower peninsula of Michigan, to be transacted according to its purpose in defendant's name or on its account, which in substance is said in 2 Kent's Commentaries (7th Ed.), p. 784, to be the foundation of agency.

"The most characteristic feature of the agent's employment is that he is employed primarily to bring about business relations between his principal and third persons, and this power is perhaps the most distinctive mark of the agent as contrasted with others, not agents, who act in representative capacities." 31 Cyc. p. 1190.

This is an action sounding in tort to recover damages claimed to have been suffered from corporate negligence, not based on any contract relations voluntarily entered into between the parties. The cause of action arose in this State and both parties are residents of the State. On the face of the record defendant was lawfully served with process. Plaintiff brought her action where she resided and service was made upon defendant's "district freight agent" in that county where he was located and had his office with derivative authority to act for and represent it in inducing business relations between it and prospective shippers throughout the lower peninsula of Michigan.

The affidavits filed in support of the motion to quash

were not sufficient to overcome the sheriff's return showing a valid service upon defendant.

Writ of mandamus will issue as prayed for.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, and SHARPE, JJ., concurred. MOORE, J., did not sit.