GENACK *v.* GORMAN.

1. PARTIES—IMPROPER JOINDER OF PARTIES SHOULD BE RAISED BY MOTION TO DISMISS.

In an action against the retailer and the manufacturer of stove polish for personal injuries caused by an explosion, when at the conclusion of proof a verdict was directed for

As to liability of manufacturer or seller of article not ordinarily dangerous for personal injuries to the buyer, due to the defective or dangerous condition of the article, see notes in 15 L. R. A. 818; 13 A. L. R. 1176.

Acquiring jurisdiction over foreign corporations by service of process on local agent, see note 70 L. R. A. 530.

the retailer, a motion for a directed verdict for defendant manufacturer on the ground that the making of the retailer a party was a mere subterfuge to permit service on defendant manufacturer in another county, and that the court therefore acquired no jurisdiction was properly denied, since such motion made after plea of the general issue comes too late, and the question should have been raised by motion to dismiss.

2. CORPORATIONS—FOREIGN CORPORATION—AGENT FOR PURPOSE OF SERVICE.

That an agent of a foreign corporation received a commission on sales instead of a fixed salary does not determine that he was not an agent within the meaning of 3 Comp. Laws 1915, § 12434, for the purpose of service of summons in an action against the principal, especially where there was present the most characteristic feature and the most distinctive mark of the agent's employment, namely, the bringing about of business relations between his principal and a third party.

3. EXPLOSIVES—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action for personal injuries caused by exploding stove polish, evidence *held*, to support an inference of negligence on the part of defendant manufacturer and to present an issue of fact for the jury.

4. TRIAL—REBUTTAL—DISCRETION OF COURT.

In an action against the manufacturer of stove polish for personal injuries caused by an explosion, where defendant had testimony of the ingredients of the product, it was not error to permit plaintiff in rebuttal to put in testimony of an analysis, for while said testimony might properly have been introduced in chief, receiving it on rebuttal was discretionary with the court.

5. APPEAL AND ERROR—SUPREME COURT BOUND BY RECORD.

Where there is nothing in the record prior to the motion for a new trial to indicate that defendant's counsel requested the court to instruct the jury to disregard remarks of plaintiff's counsel in argument, the Supreme Court must conclude that the matter was not otherwise called to the attention of the court.

6. SAME—ARGUMENT OF COUNSEL NOT REVIEWABLE IN ABSENCE OF REQUESTS TO CHARGE.

Where remarks of counsel in argument are merely ex-

cepted to, and there is no request to instruct the jury to disregard them, they are not reviewable.

Error to Saginaw; Browne (Clarence M.), J.   Submitted June 8, 1923.   (Docket No. 90.)   Decided July 19, 1923.

Case by Margaret C. Genack against Daniel P. Gorman and the R. M. Hollingshead Company for personal injuries.   Judgment for plaintiff against defendant company.   It brings error.   Affirmed.

*Beach & Beach,* for appellant.

*Crane & Crane* and *W. J. Nash* (*Riley L. Crane,* of counsel), for appellee.

CLARK, J.   Plaintiff, a married woman, 37 years of age, residing near Merrill, Saginaw county, purchased in March, 1919, from Daniel P. Gorman, then a merchant at Merrill, a can of Ebinol stove pipe enamel for the purpose of enameling stove pipes in her home.   The enamel had been manufactured and sold to the trade by defendant, the R. M. Hollingshead Company, a New Jersey corporation.   There was no label on the can or warning showing dangerous ingredients that were explosive or combustible.

Plaintiff later in the month opened the can and ·

"Then proceeded to enamel the pipe of the kitchen range, in which there may have been some live coals, a fire having been kindled there about 5:30 of this day.   She did this work by standing upon the stove, having felt slippers on, and placing the can of enamel upon a high chair about two feet from the stove.   At this time the elder of the two children came into the room and took hold of the can of enamel.   The plaintiff jumped from her position on the stove to the floor, grabbed the can and took it from the child, at which time some of the contents of the can splashed upon the floor, also upon the plaintiff's arm and shoulder, and (as she claimed) across the corner of the stove.   There

224—Mich.—6.

was an explosion when the can dropped to the floor like the report of a gun (as testified to by plaintiff); the entire contents of the can and that which splashed out being ignited."

Her left arm was badly burned from the hand to the shoulder blade, a destruction of skin and muscle. She suffered severe pain, was in a hospital about four months, had frequent painful dressings. Later there was skin grafting. Anæsthetics were given. There was evidence of permanent injury. The ingredients of the product were, as claimed by the defense, approximately one-sixth naphtha, one-sixth safety naphtha, one-third asphaltum, one-third safety varnish, and it was also claimed that the product was not dangerous and many experiments were made in open court to demonstrate the truth of the claim.

Plaintiff's claim of analysis as to ingredients and character of the product was, quoting:

"*A.* * * * I got about 33% petroleum distillate.

"*Q.* Is that a combustible substance that you found?

"*A.* Yes, sir. I found its specific gravity to be .4749. I made it at room temperature, which at that time was 80 and I took off a dram of distillate and put it into a plate in which there was about three-quarters and there was no ignition. It would not ignite, and I also held the light one inch above the surface and it ignited immediately.

"I took a watch glass and put in about half a dram and put in at room temperature, which was about 77, and I left it there about two hours, from about seven-fifty to nine-fifty, when I closed the store. Roughly speaking, I judge three-quarters of it had evaporated, and this morning it was completely gone.

"No. 2 in my opinion would ignite by coming in contact with flames or coals of live fire.

"*Q.* The test from which you say you got 33% naphtha was what?

"*A.* Petroleum distillate.

"*Q.* Did you use thermometers to know what temperature it went over?

"*A.* No. I distilled the liquid and I weighed 80

grams of Ebinol into that flask.   I didn't care what the temperature was, I wanted to get the gravity and make a few tests.   When I got that over, I weighed it again and I had 53 grams left.

"Q. Have you the proper apparatus to make a thorough examination of gasoline principally?

"A. No, sir; I didn't care about it; I didn't have the proper apparatus.

"Q. You wouldn't say it was naphtha?

"A. I would say it is.   That may be 16% naphtha and 18% safety naphtha.   I didn't use an analytical balance; it made no difference, it was simply to get whatever was volatile from it.

"Q. What specific gravity did you find?

"A. .66.

"Q. Is that more inflammable than .69?

"A. I should say so, it is a lighter product."·

The suit was against the manufacturer and the retailer, Gorman, who later died.   The death was suggested and the administrator admitted to defend. Other facts will be stated as we proceed.   At the conclusion of all the proof a verdict was directed in favor of the estate of Gorman.   Plaintiff had verdict and judgment against the other defendant in the sum of $6,000 and it, hereinafter styled defendant, brings error.   We consider only questions raised by assignments of error.

1. When at the conclusion of proof a verdict was directed for the estate of Gorman defendant moved for a directed verdict on the ground that making Gorman a party was a mere subterfuge to permit service on defendant in another county and that therefore the court acquired no jurisdiction.   The motion was denied.   The question had not theretofore been raised in the cause.   Under old practice the appropriate method of raising it was by plea in abatement.   See *Rosenthal* v. *Rosenthal,* 151 Mich. 493; *Campbell* v. *Hudson,* 106 Mich. 523, and cases cited; *Copas* v. *Provision Co.,* 73 Mich. 541.   It should now be raised by motion to dismiss.   *Whitehead* v. *VanBuren Cir-*

cuit Judge, 220 Mich. 504; DeVelin v. Wayne Circuit Judge, 211 Mich. 56.    Such motion made after plea of the general issue comes too late.    See 1 Green's Michigan Practice, p. 378; Ferguson v. Oliver, 99 Mich. 161 (41 Am. St. Rep. 593); Dunlap v. Byers, 110 Mich. 109, 114; National Coal Co. v. Mining Co., 168 Mich. 195; Young v. Reeves & Co., 172 Mich. 363; 3 Comp. Laws 1915, § 12456; 32 Cyc. p. 527.

2. The officer's return of service of the summons states that it was served in Detroit on Louis Shapiro, local agent of defendant.    Before filing its plea defendant moved to dismiss on the ground that Shapiro was not its officer or agent.    The motion was supported by an affidavit of defendant's treasurer stating that Shapiro "is not the agent and attorney for or officer of" defendant "and never has been" and that "he is merely a salesman working for himself on a commission basis selling the company's product in the city of Detroit."    In opposition to the motion plaintiff had affidavits of business men in Detroit stating in substance that they had purchased goods from defendant through Shapiro, its local representative, and indicating that the goods were sold by defendant to its customers on written form orders taken by Shapiro. One of such orders is set forth by copy in an affidavit:

"COPY

"THE R. M. HOLLINGSHEAD Co.

Sold to Detroit Auto Laundry

Proprietor's Name, C. R. Withe

Local Address, 225 Cass Ave.

Post Office

Shipping Point

Terms: 30 days net: 2% 10 days.

Remarks:

COPY.

Chicago Branch

15th Place and Western Ave., Chicago, Ill.

Salesman's Order No. 1330

Date May 22, 1920

County Wayne, State, Mich.

Business Garage

R. F. D.

Sold before?    Yes.

When

Via    To ship as below

Store Door Del.

\*   \*   \*   \*   \*

(articles ordered)
"Deliver 1 Barrel July 1st
"Deliver 1 Barrel every 2 weeks
"LOUIS J. SHAPIRO,
   Local Representative
   362 Virginia Park
   Market 451-M
   Detroit, Mich.
      EXC.         JWB.

.. .. .. .. .. .. .. .. .. .. .. .. ..
      "THIS COPY TO BE LEFT WITH CUSTOMER
   "A complete list of products manufactured by us appears on the back.   Look the list over and see that you have everything you require before the Salesman leaves.
   "This order is given in good faith and duplicate left. No countermand will be accepted.   It is understood there are no conditions whatever verbal or otherwise, except as written herein.   All orders subject to the approval of the company.
Salesman.............Purchaser Det. Auto Laundry
               By C. R. WITHE, Mgr."

   The trial judge denied the motion.

   The statute, 3 Comp. Laws 1915, § 12434, provides in part:

   "In all cases where suit is brought against a foreign corporation, process may be served upon any officer or agent of such corporation within this State, and any person representing such corporation in any capacity, shall be deemed an agent within the meaning of this section." *   *   *

   We think Shapiro was an agent within the meaning of the statute and that the motion was properly denied. That the agent received a commission on sales instead of a fixed salary does not determine the question.   31 Cyc. pp. 1192-1198; *Morrow* v. *Tunkhannock Ice Co.,* 211 Pa. St. 445 (60 Atl. 1004); *Ryerson* v. *Wayne Circuit Judge,* 114 Mich. 352.   There was present here what is held to be the most characteristic feature and the most distinctive mark of the agent's employ-

ment, namely, that he is employed primarily to bring about business relations between his principal and third persons. See *Amyot* v. *Wayne Circuit Judge*, 221 Mich. 256. And this feature distinguishes the case at bar from *Gottschalk Co.* v. *Distilling, etc., Co.*, 50 Fed. 681, cited by defendant.

3. It is urged that the evidence adduced by plaintiff did not make a case for the jury and that a verdict therefore should have been directed for defendant. We think that under the following cases the evidence adduced supports an inference of negligence on the part of defendant and made an issue of fact for the jury. *Clement* v. *Crosby & Co.*, 157 Mich. 643; *Wines* v. *Crosby & Co.*, 169 Mich. 210 (39 L. R. A. [N. S.] 901, Ann. Cas. 1913D, 1055).

4. Defendant had testimony of the ingredients of the product. Plaintiff was permitted in rebuttal to put in testimony of an analysis, quoted above. This is said to be error. The testimony might properly have been introduced in chief but receiving it on rebuttal was discretionary with the court. *Harnau* v. *Haight*, 189 Mich. 600.

5. Numerous exceptions are noted in the record to remarks of plaintiff's counsel in argument. There is nothing in the record prior to the motion for a new trial to indicate that counsel for defendant requested the court to instruct the jury to disregard such remarks. The record to and including the verdict shows that counsel merely took exceptions to the remarks. With the motion for a new trial is an affidavit stating that the court was requested "to instruct the jury on said prejudicial remarks." Opposed thereto are affidavits denying that the matter had been called to the attention of the trial judge before verdict. In denying the motion for a new trial the judge did not determine the question, but in a certificate of the trial judge setting forth the remarks and exceptions

thereto, which he states is a "certificate of the proceedings as they actually occurred," there is no mention of any request to charge on the subject and the certificate indicates that the remarks were excepted to merely.   Upon this record we must conclude that the matter was not otherwise called to the attention of the court and that there were no requests relating thereto.   The remarks, even if improper, were not of such a character that they could not be cured by instruction and were held by the trial judge not to constitute prejudicial error.   See *People* v. *Osborn,* 205 Mich. 531.   That such remarks, when simply excepted to by counsel, may not be reviewed here is well settled.   See *Kirchner* v. *Railway,* 91 Mich. 400; 12 Cyc. p. 819; *People* v. *Maczulski,* 194 Mich. 193; *Spencer* v. *Johnson,* 185 Mich. 85; *People* v. *Sartori,* 168 Mich. 308; *Eberts* v. *Mt. Clemens Sugar Co.,* 182 Mich. 449.

6. The remaining assignments relate to denial of the motion for a new trial and to refusal of certain requests to charge.   They have been examined.   No prejudicial error is found.

Judgment affirmed.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.