### SAVAGE v. H. C. BURKS & CO.
#### (No. 9342.)

(Court of Civil Appeals of Texas. Dallas. Feb. 28, 1925.)

**I. Corporations ⬥503(2)—"Cause of action" within venue statute defined.**

A "cause of action," as used in venue statute, Rev. St. art. 1830, § 24, consists of plaintiff's right and injury thereto, and embraces entire state of facts that give rise to enforceable claim, including every fact which plaintiff must prove to obtain judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cause of Action.]

**2. Corporations ⬥503(2)—Cause of action for profits from sale of cotton purchased by plaintiff held to have in part arisen in county where purchased.**

On defendant corporation's breach of agreement to pay plaintiff one-half of profits

on its resale of cotton purchased by plaintiff in D. county, cause of action in plaintiff's favor arose in part in D. county, and it was error to transfer cause to county where defendant had place of business.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by H. P. Savage against H. C. Burks & Co. From an order transferring the cause from Dallas county to Brown county, plaintiff appeals. Reversed and rendered.

Otis Bowyer, Jr., of Dallas, for appellant. E. W. Crane, of Houston, for appellee.

JONES, C. J. This is an appeal from the action of the court below in sustaining appellee's plea of privilege and ordering this cause transferred to Brown county. To this plea of privilege appellant filed a controverting affidavit, the material part of which is to the effect that appellee is a private corporation with its office and place of business in Brownwood, Brown county, Tex., and that a part of the cause of action on which appellant brought suit arose in Dallas county, and that, under section 24 of article 1830, Revised Statutes, appellant had the right to maintain the suit in Dallas county. The issue thus made was tried by the court, with the result that the plea of privilege was sustained and the transfer of the cause ordered.

The material facts are as follows: Appellant resided in the city of Dallas, and, on August 22, 1923, entered into a verbal contract of employment with appellee, under the terms of which appellant was to receive a salary of $200 per month for the year beginning on said date, and, in addition, was to receive a commission of 15 cents per bale on each bale of cotton sold by him for appellee to any cotton dealer in the city of New Orleans, and was further to receive one-half of the net profits, if any, realized from the resale by appellee of any cotton purchased by appellant for appellee from firms or brokers located in the city of Dallas and in the city of Brownwood. It was the duty of appellant, under this contract, to perform services for appellee wherever appellee might send him. In pursuance of this contract appellant purchased cotton from brokers and dealers in the city of Dallas to the number of 833 bales, this purchase being made from samples of cotton in Dallas, and the contract of purchase was entered into in said city, though none of the cotton was located in Dallas county. This cotton was resold by appellee at a profit of $5,200. The resale was not made in Dallas county. On December 5, 1923, appellee filed in the district court of Dallas county this suit, seeking to recover an indebtedness growing out of his employment under said contract, alleging an indebtedness due on commissions for the purchase of cotton in New Orleans, alleging a balance due on his monthly salary, and also alleging the amount due on 50 per cent. of the profits realized from the sale of the 833 bales of cotton purchased in Dallas county. The allegations of this last item of indebtedness furnished the basis for the contention made in the controverting affidavit that a part of the cause of action against appellant arose in Dallas county.

The trial court filed findings of fact and conclusions of law, in which, in addition to the facts above found by this court, it was found that appellant was a private corporation with its principal office and place of business in Brown county, Tex., and that it did not have an agency or representative located in Dallas county, Tex. From these findings of fact the court concluded that no part of appellant's cause of action arose in Dallas county, and entered judgment transferring the case to Brown county, the domicile of appellee.

Error is duly assigned on the entry of this judgment on the ground that, under the findings of fact made by the trial court, the portion of appellant's cause of action relating to the profits made on the cotton purchased in Dallas county arose, in part, in Dallas county. So much of section 24 of article 1830, Revised Statutes, as applies to this case reads:

"Suits against any private corporation, association or joint stock company may be commenced in any county in which the cause of action, or a part thereof, arose. * * * *"

[1] A cause of action, as that term is used in the venue statute, consists both of the right of plaintiff and the injury to such right. It embraces the entire state of facts that give rise to an enforceable claim, and necessarily comprises every fact which a plaintiff must prove in order to obtain judgment. As stated in San Jacinto Life Ins. Co. v. Boyd (Tex. Civ. App.) 214 S. W. 482:

"It is too narrow to confine it to the genesis of the right, but it embraces every fact necessary to be shown in order to recover. 'Arose,' we do not think, refers alone to the very beginning of the right, but to every fact which has arisen and inheres in the cause of action. It is the right to bring a suit, or that right which is based upon the ground or grounds on which an action may be maintained."

The rule thus announced is sustained by the following authorities: Phillio v. Blythe, 12 Tex. 123; H. & T. C. Ry. Co. v. Hill, 63 Tex. 381, 51 Am. Rep. 642; Danciger v. Smith (Tex. Civ. App.) 229 S. W. 909; Houston Rice Milling Co. v. Wilcox & Swinney (Tex. Civ. App.) 100 S. W. 205.

[2] On appellant's claim for profits arising out of the resale by appellee of the cotton purchased by appellant from dealers and brokers in Dallas county, the contract contemplated that the entire services rendered appellee should be performed by appellant in Dallas county. When he purchased the 833

bales of cotton in Dallas county, he had performed his full duty under this phase of his contract, and, to mature the commissions contracted to be paid him, it only remained for appellee to resell this cotton for a profit. It is true that, when appellant had thus purchased the cotton, no claim against appellee had yet arisen, for there must be a resale of the cotton by appellee at a profit before a claim could arise in favor of appellant. It is thus seen that there are two conditions precedent to the coming into existence of a valid claim in favor of appellant on this phase of his contract; one to be performed by appellant in Dallas county, the other to be performed by appellee with no restriction as to place of performance. When appellee refused to account to appellant for 50 per cent. of the profits arising from the resale of the said 833 bales of cotton, a cause of action accrued in appellant's favor against appellee to the amount of such portion of this profit. This cause of action necessarily comprehended the performance of each of these conditions precedent. Appellant could not establish his cause of action without first pleading and then proving, not only the profit made by appellee on the resale of the cotton, but also that he had purchased the said cotton in Dallas county from Dallas dealers or brokers. It follows, therefore, that in the opinion of this court a part of the cause of action asserted by appellant in this suit arose in Dallas county, and that, as appellee is a private corporation, section 24 of article 1830 applies, and the judgment of the trial court granting the plea of privilege is erroneous. The cause is therefore reversed, and judgment here entered overruling said plea.

Reversed and rendered.