## BROWN CRACKER & CANDY CO. v. JENSEN et al.

### No. 946.

Court of Civil Appeals of Texas. Waco.

Sept. 25, 1930.

Rehearing Denied Oct. 30, 1930.

McCormick, Bromberg, Leftwich & Carrington and Leachman, Gardere & Bailey, all of Dallas, for appellant.

F. E. Johnson and Walker & Baker, all of Cleburne, and Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellees.

STANFORD, J.

This suit was filed in Johnson county, Tex., by M. Jensen and wife, Ruby Jensen, as plaintiffs, against the Brown Cracker & Candy Company of Dallas, Tex., and F. W. Woolworth Company of Cleburne, Tex., as defendants. Plaintiffs alleged, in substance, that the Brown Cracker & Candy Company was a private corporation, organized under the laws of Texas, engaged in the manufacture and sale of candies at wholesale for the purpose of sale to retailers, who in turn offered and sold said candies to the public generally. They further alleged that defendant F. W. Woolworth Company was also a private corporation with a permit to do business in Texas, and that it had a retail establishment located in Cleburne, Tex., for the purpose of selling its goods at retail. Said plaintiffs then alleged very fully that on January 14, 1929, plaintiff Ruby Jensen purchased from the retail store of defendant F. W. Woolworth Company in Cleburne, Johnson county, Tex., some chocolate candy which had been manufactured and processed by defendant Brown Cracker & Candy Company and by it sold to F. W. Woolworth Company for the purpose of resale to the public generally; that said chocolate so manufactured and processed by the Brown Cracker & Candy Company, and by it sold to F. W. Woolworth Company for the purpose of resale to the public, and some of which was sold at retail to Ruby Jensen by said F. W. Woolworth Company, contained poison or other deleterious matter, which, when eaten by the said Ruby Jensen, caused or produced serious and permanent injuries to plaintiff Ruby Jensen.

This suit was filed on September 30, 1929, and on the same date citations were issued to Johnson county for the F. W. Woolworth Company, and to Dallas county for defendant Brown Cracker & Candy Company, commanding both said defendants to appear and answer plaintiffs' petition on October 14, 1929. On said date the Brown Cracker & Candy Company filed its plea of privilege in due form to be sued in Dallas county, the county of its residence, and on the same date, but subject to its plea of privilege, said company answered to the merits of the case. Also on October 14, 1929, the defendant F. W. Woolworth Company filed a petition and bond seeking to remove this action to the United States District Court for the Northern Division of Texas, Dallas Division. Subject to its petition for removal, the defendant F. W. Woolworth Company also formally answered to the merits of said action on October 14, 1929. The petition of F. W. Woolworth Company to remove the cause to the United States District Court was set for a hearing by agreement of counsel for all parties for October 25, 1929. Said petition for removal was heard and considered by the court and overruled. On the overruling of the petition for removal by F. W. Woolworth Company, and on the same date, October 25, 1929, the Brown Cracker & Candy Company called the court's attention to the fact that its plea of privilege to be sued in the county of its residence, to wit, Dallas county, had not been controverted, although it had been on file more than five days, and moved the court for an order sustaining its said plea, and for removal of the case to Dallas county, whereupon plaintiffs' counsel stated to the court, in substance, that at the time the petition for removal to the federal court was set for hearing on October 25, 1929, and as a part of said agreement, it was agreed by the attorneys for all parties that no further proceedings would be had in the case until October 25, 1929. The court refused to enter an order sustaining the plea of privilege, but heard evidence as to the agreement of counsel tending to show good cause for the failure of plaintiffs' counsel to

controvert the plea of privilege within five days after said plea was filed on October 14, 1929, and also the controverting plea. The controverting plea was filed October 28, 1929, and the good cause for failure to file same within the five-day period and the controverting plea were heard jointly by the court on November 29, 1929, and its judgment was: (1) "That plaintiffs had shown good cause for their failure to controvert defendant's plea of privilege within the statutory period;" and (2) "that the plea of privilege of the defendant Brown Cracker & 'Candy Company should be overruled," etc.

At the request of the defendant Brown Cracker & Candy Company, the court filed findings of fact and conclusions of law, and said company duly appealed from the order and judgment overruling its plea of privilege, and presents the record here for review.

Under its first proposition appellant contends that the terms of article 2007, Revised Statutes, are mandatory and upon the failure of plaintiffs to controvert the plea of privilege within the five-day period, as therein specified, the trial court, by operation of law, lost jurisdiction of the person of the defendant filing such plea, and was without authority in law to enter any order except one transferring it to the county of the residence of the defendant filing the plea. Under its eleventh proposition appellant contends that, where the defendant was required to answer on October 14, 1929, and file a plea of privilege on that date, and the plaintiffs failed to file controverting affidavit within five days, such plea of privilege was, by operation of law, sustained at the expiration of said five days, and the court was without authority to hear evidence over objection of defendant offered in support of a controverting affidavit filed October 28th, 1929. Under several other propositions appellant contends, in effect, that, even if the terms of article 2007 are not mandatory, and if a controverting affidavit may be filed after the expiration of the five-day statutory period, on showing of good cause for such failure, yet the evidence was insufficient in this case, in various respects specified, to show good cause for allowing the controverting affidavit to be filed after the expiration of the five day period. As we view this case, we do not think it is necessary to decide the question involved in appellants' first and eleventh propositions. We will say, however, if appellant, after the expiration of the five days for filing the controverting affidavit, and before same was actually filed, had asked the court for an order transferring said cause, and there had been nothing else in the case or connected with it, to prevent such transfer, then we think it would have been the duty of the court to grant such order, but we do not think the failure of a plaintiff to file a controverting

affidavit within the five days would automatically transfer said cause or deprives the court of jurisdiction over same. . Hewitt v. De Leon (Tex. Civ. App.) 5 S.W.(2d) 236, 237; Hewitt v. De Leon (Tex. Civ. App.) 293 S. W. 301; First Nat. Bank v. Childs (Tex. Civ. App.) 231 S. W. 807; Old v. Clark (Tex. Civ. App.) 271 S. W. 183.

The trial court, at the request of appellant, filed the following findings of fact material to the question here discussed:

"VII. That the F. W. Woolworth Company employed Messrs. Smithdeal, Shook, Spence & Bowyer, attorneys of Dallas, Texas, of which Mr. Alex W. Spence is a member, to represent it in this case, and that the Brown Cracker & Candy Company employed Messrs. Leachman & Gardere, attorneys of Dallas, to represent it in the case, and that Mr. R. T. Bailey, also an attorney of Dallas, was at said time and is now connected and associated with said firm of Leachman & Gardere and was authorized to and represented the Brown Cracker & Candy Company in all the proceedings in this case up to this time.

"VIII. That on October 14th, 1929, Mr. Alex W. Spence and Mr. R. T. Bailey came to Cleburne in connection with this case and went to the office of F. E. Johnson, one of the attorneys for plaintiffs, W. R. Walker, also one of the attorneys for plaintiffs, being present, and a conference was then and there held by said four attorneys relative to this case, in which conference Mr. Spence stated it was the intention of the F. W. Woolworth Company to file petition and bond for removal of the case to the Federal Court, and served notice of such removal on the attorneys for the plaintiffs, and on R. T. Bailey, attorney for the Brown Cracker & Candy Company at the same time; and Mr. Spence then suggested that a date be fixed for the hearing of the petition, saying that he was ready then or at any other time, and said attorneys, including Mr. Bailey, finally agreed on October 25th, 1929, as a time for the hearing of the petition; and the attorneys for the plaintiffs proposed, and such proposal was acquiesced in and consented to by Mr. Bailey as attorney for the Brown Cracker & Candy Company, that the case be set over to October 25th, 1929, without any further proceedings. As a part of such arrangement the attorneys for the plaintiffs agreed with the attorneys for the defendants that it would not be necessary for the latter to be present when the case should be called on the appearance docket next day, and that the attorneys for the plaintiffs would advise the court of the arrangement and request that the case would be passed to October 25th without any further proceedings, and that the attorneys for the plaintiffs so understood such arrangement and acted thereon, and when the case was called on appearance day advised the court

of the arrangement and understanding, and in accordance therewith, the case was set over to October 25th, 1929, for hearing on the petition. to remove. And relying on such arrangement, the attorneys for the plaintiffs made no inquiry or investigation to ascertain if the defendants or either of them had filed pleas of privilege or other answers in the case, and did not know until after the petition to remove had been presented and overruled on October 25th, 1929, that the Brown Cracker & Candy Company had filed the plea of privilege.

"IX. That the plaintiffs had no information or notice concerning the filing of the plea of privilege or of any fact concerning it, or of the conference and arrangement between the attorneys, until October 28th, 1929, when Mr. Jensen was called to the office of F. E. Johnson to sign the controverting affidavit.

"X. That the plea of privilege of the Brown Cracker & Candy Company was filed with the District Clerk on October 14th, 1929, after the conference in F. E. Johnson's office, and also an answer on the same day. The attorneys for the plaintiffs and both defendants appeared October 25th, 1929, and the petition of the F. W. Woolworth Company to remove to the Federal Court was presented and overruled. Immediately after the petition to remove had been overruled, Mr. Bailey, the attorney for the Brown Cracker & Candy Company, called the attention of the court to the plea of privilege, which was the first information the court had of the filing of such plea, and requested that the case be transferred to Dallas County. The attorneys for plaintiffs immediately informed the court of the agreement made with the attorneys for the Brown Cracker & Candy Company and F. W. Woolworth Company on October 14th, 1929, and that they did not know' of the filing of the plea until it was called to the attention of the court, and that the plaintiffs knew nothing of it whatever, and that they, the attorneys for the plaintiffs, had not made inquiries or investigations to ascertain if such a plea or any other pleadings had been filed because of the agreement and their reliance thereon. Thereupon the court declined to act on the plea of privilege at that time and gave the plaintiffs permission to file a controverting plea, which controverting plea was filed October 28th, 1929, and the hearing of the plea was set for November 16th, 1929, and the Brown Cracker & Candy Company duly served with notice thereof more than ten days prior thereto, and was re-set at the request of the attorneys for the Brown Cracker & Candy Company for November 29th, 1929, at which time it was heard and overruled."

■■ We have carefully examined the evidence heard by the court on the application of appellees to be permitted to file their controverting affidavit after the expiration of the five days after the plea was filed, and we have also examined the findings of the trial court on this issue, and think clearly the findings of the trial court are sustained by the evidence. From the record and from such findings, it appears that said term of court began on October 14, 1929; that on Monday, October 14, 1929, W. R. Walker and F. E. Johnson, representing plaintiffs, and Alex W. Spence, representing the F. W. Woolworth Company, and Mr. R. F. Bailey, representing the Brown Cracker & Candy Company, had a conference in Mr. Johnson's law office, in which conference Mr. Spence, who then represented the F. W. Woolworth Company, announced that he would file a petition and bond for the Woolworth Company to remove said cause to the federal court at Dallas. All parties then discussed the time when such application for removal should be set for a hearing in the trial court, and all parties agreed said application should be set for October 25, 1929. The evidence is sufficient to show that all of said attorneys, who were the only attorneys employed in said case at said time, agreed on October 25, 1929, as a satisfactory date for hearing of the application for removal, and that the case would be set over to that time, and that no further proceedings would be had in the case until October 25, 1929, and it was further agreed that it would not be necessary for the attorney for the defendants to come to Cleburne and attend the call of the case on the appearance docket the next day, October 15, 1929, and that Mr. Walker and Mr. Johnson would attend the calling of the appearance docket, and advise the court of the agreement, and ask that the case be set over to October 25, 1929, without further action. W. R. Walker did attend the calling of the appearance docket the next day, October 15, 1929, and this case was called, and he then stated to the court that the petition and bond for removal had been filed and that the attorneys had agreed to have it submitted on October 25, 1929, and that the case was to go over to that time without any further action. The trial court approved said agreement and did set the hearing on the petition for removal for October 25, 1929, in accordance with the agreement. Neither of the attorneys for the defendants attended the calling of the appearance docket. Neither the plaintiffs nor their attorneys, nor the trial court knew anything of the filing of the plea of privilege until it was called to the attention of the court on October 25th, after the motion to remove had been overruled. The attorneys for the appellees made no investigation to ascertain if the defendants had filed any pleading other than the petition to remove, because they were relying on the agreement that no further action would be taken in the case until the application for removal was. disposed of. Under our procedure we do not think the plea of privilege could have been disposed of until

disposition was made of the application for removal. In fact, if the application by F. W. Woolworth Company for removal of the case to the federal court at Dallas had been granted, such action would have transferred the entire case to the federal court in Dallas; Gainesville v. Brown-Crummer Co., 277 U. S. 54, 48 S. Ct. 454, 72 L. Ed. 781; and appellant's purpose would have been effectually accomplished without any plea of privilege. Evidently appellant would have been benefited as much by such removal as would the Woolworth Company, its codefendant. We think appellant, although not a party thereto, was equally interested with its codefendant, Woolworth Company, in the application for removal. The agreement setting the application for removal for October 25, 1929, having been made by the attorneys representing all parties to said suit and said agreement having been reported to, and approved by the trial court by his setting said application for said date, same became, in effect, an agreement made in open court, binding upon all parties. Said agreement provided, in effect, that nothing further should be done in the case until the application for removal was acted upon on October 25, 1929. No plea of privilege had been filed at this time. We think appellees' counsel had the right to rely upon said agreement and were not negligent in so doing, and so were not negligent in failing to have any knowledge that a plea of privilege had been filed until after the application for removal had been acted upon.

■ It seems that neither the trial court nor any one else connected with the case, except appellant, and probably appellant's codefendant, the F. W. Woolworth Company, had any actual knowledge that appellant had filed a plea of privilege until the application for removal was overruled, and appellant's attorney asked for an order sustaining his plea of privilege. Appellant sustained no injury by reason of appellees' delay in filing their controverting affidavit. The issue of venue could not have been tried earlier, if the controverting affidavit had been filed within the specified five days. We think the trial court was correct in allowing the controverting affidavit to be filed. Hewitt v. De Leon (Tex. Civ. App.) 5 S.W.(2d) 237; Hewitt v. De Leon (Tex. Civ. App.) 293 S. W. 301, 302; Watson v. Cobb (Tex. Com. App.) 292 S. W. 174; Old et al. v. Clark (Tex. Civ. App.) 271 S. W. 183; Yates et al. v. State et al. (Tex. Civ. App.) 3 S.W.(2d) 114; Texas Insurance Ass'n v. Evans, 117 Tex. 113, 298 S. W. 516; Redus v. Knox (Tex. Civ. App.) 2 S.W.(2d) 346; Sibley v. Continental Co., 116 Tex. 402, 292 S. W. 155. We overrule all of the above propositions.

Under appellant's propositions 7, 8, 10, and 12, it contends, in effect, that the court erred in overruling its plea of privilege to be sued in Dallas county, for the reason there is no evidence that any part of the cause of action arose in Johnson county, and because the evidence failed to show any contractual relation between plaintiffs and appellant that could have been breached in Johnson county; that the finding that appellant was guilty of negligence in respect to the manufacture and sale of the candy is without support in the evidence, etc. Plaintiffs alleged in substance, in their petition and controverting affidavit, that the candy which injured Mrs. Jensen was ready for eating, that she relied on this fact and on the appearance of the candy, and that she ate it in the form purchased without knowledge that it was harmful, and that the F. W. Woolworth Company was liable for breach of implied warranty of the fitness of the candy for human consumption, and that the appellant manufactured the candy and placed it in an attractive form ready for human consumption, and that the caustic substance was inclosed in the chocolate case, and sold by appellant to the Woolworth Company for sale to the retail trade in its store in Cleburne, and that the defendants warranted and represented the candy to be free from injurious substance and ready for eating, and were negligent in making and selling the candy, and were liable on said implied warranty and on account of misrepresentations as to the condition of the candy and also for negligence. The court found and the evidence shows that the F. W. Woolworth Company was engaged in the retail merchandise business at Cleburne, and among other things sold candy purchased from and manufactured by the Brown Cracker & Candy Company, of Dallas. The candy which caused the injury was a chocolate cream. It was a white cream center inclosed in a chocolate case and was prepared by the Brown Cracker & Candy Company and sold to Woolworth Company ready for human consumption. No change of any kind was made in it by the Woolworth Company. The candy was ready for eating when it came from the manufacturer. Said candy was purchased from the Brown Cracker & Candy Company in January, 1929, and was on display on the candy counter of the Woolworth Company at Cleburne at the time it was purchased by Mrs. Jensen. Immediately after Mrs. Jensen's injury the remainder of the candy was returned by the Woolworth Company to the Brown Cracker & Candy Company, at Dallas. Said candy contained some kind of caustic substance which burned and injured Mrs. Jensen very seriously and permanently. She has suffered from the burns in her mouth, throat and stomach since that time and ulcers resulted from said burns.

■ Subdivision 23 of article 1995 of our Revised Statutes provides: "Suits against a private corporation, association or joint stock company may be brought in any county in

which the cause of action, or a part thereof, arose," etc. The question then is, under the above subdivision of article 1995, when and .where did appellees' cause of action in this case arise? There are two distinct sets of facts in this case; one occurred in Dallas and the other in Johnson county. The candy was manufactured by the appellant in Dallas county and 'sold and shipped to the F. W. Woolworth Company in Johnson county for sale to the retail trade in said latter county. The Woolworth Company placed the candy on display for sale in Johnson county and Mrs. Jensen was thereby induced to purchase and eat the candy and sustained the damage in Johnson County. The facts which occurred in Dallas county did not give rise to a cause of action in favor of plaintiffs. If Mrs. Jensen had not purchased and eaten some of the candy, she would never have had a cause of action. A cause of action did not accrue in their favor until there was a union of the right of the appellees and of its infringment by the appellant. It arose when the right to sue accrued and such right did not accrue until the candy was purchased and eaten and the injury sustained. The cause of action in this case embraced every material fact which was necessary for the appellees to allege and prove in order to recover for said injuries. This included the allegation and proof that the candy was purchased and eaten, and that the injury and damage was thereby ·sustained. As said in San Jacinto Life Ins. Co. v. Boyd (Tex. Civ. App.) 214 S. W. 482, 483: "A cause of action upon which recovery is sought does not comprise every piece of evidence which is necessary to prove each fact, but every fact which is necessary to be proved." We believe, under our statute on venue, it is too narrow to confine it to the genesis of the right, but it embraces every fact necessary to be shown in order to recover. "Arose," we do not think, refers alone to the very beginning of the right, ,but to every fact which has arisen and inheres in the cause of action. It is the right to bring and maintain a suit. Danciger et al. v. Smith (Tex. Civ. App.) 229 S. W. 909; Brooks Supply Co. v. Senter Bros. (Tex. Civ. App.) 245 S. W. 101, and cases cited; also, Savage v. H. C. Burks & Co. (Tex. Civ. App.) 270 S. W. 244, 245; Union Trust Estate v. Orr et al. (Tex. Civ. App.) 3 S.W.(2d) 472. In the case of Savage v. Burks, supra, the court says: "A cause of action, as that term is used in the venue statute, consists both of the right of plaintiff and the injury to such right. It embraces the entire state of facts that give rise to an enforceable claim, and necessarily comprises every fact which a plaintiff must prove in order to obtain judgment." The rule as above announced is sustained by Phillio v. Blythe, 12 Tex. 124;

Houston & T. C. Ry. Co. v. Hill, 63 Tex. 386, 51 Am. Rep. 642, and is now the well-established rule of decisions in this state. We overrule all of appellant's above propositions.

█ Under appellant's ninth proposition it contends that the finding of the trial court that appellant was guilty of negligence in manufacturing and selling the candy that injured Mrs. Jensen was wholly without evidence to support it. The court found: "That the acts of.the Brown Cracker & Candy Company in the manufacturing of the candy in such form for sale to the retail trade, and the acts of Woolworth Company in offering it for sale in such form, constituted representations and warranties to Mrs. Jensen that the candy was pure, wholesome, ready·for eating and would not injure or damage her, and that· such representations and warranties were not true and that, in addition, the defendants were guilty of negligence in so manufacturing and selling such candy and as a proximate result of said acts the plaintiffs sustained damage as alleged, and that a part of the cause of action arose in Johnson County." The above finding, we think, is supported by the evidence. Appellant does not attempt to show wherein said finding was not supported.. We think the weight of authority is to the effect that an ultimate consumer may maintain an action directly against a negligent manufacturer for injuries from the use of a dangerous article such as unwholesome food or beverage, though there is no contractual relation between them. See note to Windram Mfg. Co. v. Boston Blacking Co., 17 A. L. R. 688, and cases cited. Also, Whistle Bottling Co. v. Searson, 207 Ala. 387, 92 So. 657; Rainwater v. Hattiesburg Co., 131 Miss. 315, 95 So. 444; Sullivan v. Manhattan Co., 251 Mass. 395, 146 N. E. 673; Genack v. Gorman, 224 Mich. 79, 194 N. W. 575; .Hertzler v. Manshun, 228 Mich. 416, 200 N. W. 155. Many cases hold the liability of the manufacturer is based on negligence; others, that it may be based on the breach of an implied contract. Mazetti v. Armour Co., 75 Wash. 622, 135 P. 633, 48 L. R. A. (N. S.) 213, Ann. Cas. 1915C, 140; Ward Baking Co. v. Trizzino, 27 Ohio App. 475, 161 N. E. 557; see note to 39 A. L. R. 1000; also, 63 A. L. R. 349. The manufacturer may also be held liable on the ground of misrepresentation. Parks v. Yost Pie Co., 93 Kan. 334, 144 P. 202, L. R. A. 1915C, 179; Goldman Bottling Co. v. Sindell, 140 Md. 488, 117 A. 866; see note in 39 A. L. R. 999·; Thomas v. Winchester, 6 N. Y. 397, 57 Am. Dec. 455; Armstrong Packing Co. v. Clem (Tex. Civ. App.) 151 S. W. 576, 577. Appellant's ninth proposition is overruled.

We have considered all of appellant's propositions and, find no reversible error. The judgment of the trial court is affirmed.