## MERCANTILE BANK & TRUST CO. OF TEXAS v. CITY OF PORT NECHES.

### No. 2210.

Court of Civil Appeals of Texas. Beaumont.

March 10, 1932.

Bartlett, Thornton & Montgomery, of Dallas, and A. D. Lipscomb, of Beaumont, for appellant.

W. T. McNeill, of Beaumont, for appellee.

O'QUINN, J.

The city of Port Neches sued the Mercantile Bank & Trust Company of Texas in the district court of Jefferson county, Tex., to re-

cover the sum of $1,000 as liquidated damages for the alleged breach of a written contract entered into between appellant with appellee to purchase certain waterworks and sewer bonds of appellee aggregating the sum of $125,000, the said sum of $1,000 being the agreed amount put up by appellant with the First National Bank of Port Neches and to be forfeited to appellee in case appellant failed to carry out its contract of purchase of said bonds. The deposit of the $1,000 was represented by a draft drawn by appellant on the Mercantile National Bank of Dallas, Tex., in that sum payable to the order of J. W. Baker, mayor of the city of Port Neches, and deposited with the First National Bank of Port Neches. Appellee alleged that appellant is a corporation duly incorporated under the laws of the state of Texas, with its domicile in Dallas county, Tex., and pleaded the contract of appellant with appellee to purchase the bonds mentioned and to pay for same upon delivery of same to appellant at the First National Bank of Port Neches, Jefferson county, Tex., and that appellant failed to carry out said contract to receive and pay for said bonds.

Appellant filed its plea of privilege to be sued in Dallas county; said plea being in the usual and statutory form.

Appellee duly filed its controverting affidavit, in which it repeated in substance the allegations in its petition, and further alleged that appellant had contracted in writing to perform its obligation in Jefferson county, Tex., and had agreed and contracted to purchase and receive and pay for said bonds in Jefferson county, and had breached said contract by refusing to accept said bonds; that payment of the draft executed by appellant payable to the order of appellee, and deposited with the First National Bank of Port Neches, was refused and stopped by appellant; and that appellee's cause of action was one for damages for the breach of a written contract, of which the court had venue under subdivision 5 of article 1995, R. S. 1925, in that appellant had contracted in writing to perform its obligation in Jefferson county, and under subdivision 23 of said article, in that appellant was a private corporation, and that appellee's cause of action, and a part thereof, against appellant arose in Jefferson county.

Upon a hearing of the plea of privilege and the controverting affidavit, the court entered judgment overruling the plea of privilege, and the judgment is before us for review.

Appellant's first proposition reads: "The City of Port Neches, appellee herein, having necessarily based its suit for liquidated damages for breach of contract upon a cashier's check of the defendant bank, payable at its banking offices in the City of Dallas, Dallas County, Texas, venue properly lies in Dallas County, upon defendant's plea of privilege to be sued in that county."

The proposition is overruled. Appellee's suit is not upon the check mentioned, but is for the agreed amount of damages named in the contract to be paid by appellant to appellee in the event appellant failed to carry out its contract of purchase. The check was attached to the contract "as evidence of good faith" on the part of appellant that it would perform its contract, and was deposited with the First National Bank of Port Neches to be held pending the performance of the contract, and to be cashed in the event appellant failed in its performance of its obligation. When appellant refused to perform its contract to purchase the bonds, appellee attempted to cash the check as the written contract authorized it to do, but appellant stopped payment of the check, and then appellee instituted this suit, not on the check, but for its agreed and liquidated damages for appellant's breach of the contract.

■ The second proposition is: "Since the contract gave defendant Bank the option to either purchase the bonds in Jefferson County, Texas, or to pay liquidated damages in Dallas County, Texas, by its cashier's check, and it having elected to pay such liquidated damages, plaintiff's cause of action is exclusively upon such check."

This proposition is overruled. We think appellant's contention that the contract in question gave it the option to purchase the bonds in Jefferson County, or to pay liquidated damages in Dallas County, is not supported by the contract. In the contract appellant said: "We will pay you upon delivery to us at the First National Bank of Port Neches, Port Neches, Texas, the sum of One Hundred and Twenty Five Thousand ($125,000.00) Dollars, plus accrued interest."

We think it is here plainly provided and contracted that the bonds are to be delivered to it at the First National Bank of Port Neches, at Port Neches, Tex., and that said bonds are to be accepted and there paid for by appellant. This obligation was certainly and plainly to be performed in Jefferson county, and did not give appellant an option to either purchase the bonds in Jefferson county or at its election to pay liquidated damages in Dallas county. The mere fact that in said contract it is said "as evidence of our good faith, we attach herewith cashier's check in the amount of One Thousand ($1,000.00) Dollars, which is to be held by you pending the fulfillment of this proposal, and in default by us, same is to be cashed as full liquidated damages," does not at all change appellant's contract to purchase the bonds, but merely agrees that, if it fails to do so, it will pay the agreed liquidated damages, and the check attached formed no part whatever of the purchase contract, but was in

the nature of evidence of appellant's good faith of its performance of its obligation to buy. Appellee's cause·of action is not upon appellant's refused check, but upon the damages for appellant's refusal to perform its contract.

What we have said disposes of appellant's third proposition contending that "the agreement of Mercantile Bank & Trust Company of Texas to pay upon delivery of the bonds at the First National Bank of Port Neches, Texas, was not an agreement to pay the purchase price at Port Neches, Texas."

Appellant's fourth proposition is: "Since the contract was drafted and executed by the plaintiff, City, in Jefferson County, after which it was brought to Dallas County, where it was approved and executed by defendant bank, such contract was consummated in Dallas County, Texas."

■ The contract bears date December 22, 1928, and is in the form of a communication or offer from appellant addressed to appellee, and is signed by appellant. Underneath the signature of appellant is the acceptance of appellee, and the provision that the contract shall be approved by appellee's attorney. Then below is the approval of the contract by Geo. D. Anderson, attorney for appellee. We think that, while the actual contract is shown by the record to have been signed by appellant in its office in Dallas, inasmuch as it had to be accepted by appellee, and then approved by its attorney before it became final, and, as before stated, the acceptance by appellee and the approval of the contract by appellee's attorney follow the signature of appellant, it should be held that the final consummation of the contract took place at Port Neches, Tex. Early-Foster Co. v. Moore's Sons (Tex. Civ. App.) 230 S. W. 787. But, in view of our holding that the contract itself provides for the delivery of and payment for the bonds at the First National Bank of Port Neches, at Port Neches, Tex., in Jefferson county, the matters last above discussed are immaterial, and the proposition is without weight. The fact, if it is a fact, that the final or last signature of the parties to the contract was affixed at Dallas in no wise determines that the contract was to be performed there.

■ Moreover, aside from our holdings above, the judgment should be affirmed, for the reason that subdivision 23 of article 1995, R. S. 1925, provides that suits against a private corporation may be brought in any county in which the cause of action arose, or in which a part of the cause of action arose. Appellant is a private corporation. We do not think it can be reasonably contended but that at least a part of appellee's cause of action arose in Jefferson county, because the contract was for the sale, delivery, and payment of certain bonds. All of appellee's obligations under the contract were to be performed in Jefferson county. Appellee was obligated to deliver the bonds to appellant at the First National Bank of Port Neches, in Jefferson county, Tex., and appellant was obligated to accept said bonds at said bank. Delivery and acceptance of the bonds were certainly the heart of the contract. And, since these were to be done in Jefferson county, Tex., then unquestionably a part of appellee's cause of action arose in Jefferson county, and the plea of privilege was properly overruled. Savage v. Burks & Co. (Tex. Civ. App.) 270 S. W. 244.

The judgment is affirmed.