## HEWITT v. DE LEON. (No. 492.)

Court of Civil Appeals of Texas. Waco.
March 17, 1927.

Rehearing Denied April 7, 1927.

**1. Pleading &lrhar;111—Plaintiff's failure to file controverting plea to plea of privilege within five days did not deprive court of jurisdiction to enter nonsuit (Rev. St. 1925, arts. 2007, 2008, 2182).**

Failure of plaintiff, after defendant filed plea of privilege, to file controverting plea within five days, in accordance with Rev. St. 1925, arts. 2007, 2008, *held* not to automatically transfer cause or deprive court of jurisdiction over said cause to enter a nonsuit in accordance with article 2182.

**2. Venue &lrhar;71—Trial court properly granted nonsuit after plea of privilege before order was made thereon (Rev. St. 1925, art. 2182).**

Under Rev. St. 1925, art. 2182, trial court *held* to have had jurisdiction to enter nonsuit after filing of plea of privilege, where no order had been made nor asked thereon at such time.

**3. Appearance &lrhar;8(4)—Defendant, by moving to strike controverting plea, entered appearance in proceeding on plea of privilege and waived service of controverting plea (Rev. St. 1925, arts. 2007, 2008).**

Where defendant filed motion to strike out controverting plea to his plea of privilege on ground that it was filed more than five days after plea of privilege, in violation of Rev. St. 1925, arts. 2007, 2008, he thereby entered his appearance in proceeding on plea of privilege and waived service of said controverting plea.

**4. Dismissal and nonsuit &lrhar;19(1)—Filing plea of privilege held not request for affirmative relief authorizing objection to plaintiff's taking nonsuit.**

Filing plea of privilege by defendant *held* not to constitute request for affirmative relief, so as to authorize objection to plaintiff being permitted to take a nonsuit.

**5. Dismissal and nonsuit &lrhar;18—Defendant not seeking affirmative relief cannot complain of plaintiff's being permitted to take nonsuit.**

Where defendant had filed no cross-action seeking affirmative relief, he was in no position to complain of plaintiff's being permitted to take a nonsuit.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by Miguel De Leon against Tom Hewitt. Judgment granting plaintiff's motion for nonsuit, and defendant appeals. Affirmed.

Trippet, Boggess & Sheehy, of Waco, for appellant.

Taylor & Atkinson, McNamara & Scott, and J. B. McNamara, all of Waco, for appellee.

STANFORD, J. Suit by appellee against appellant for personal injuries alleged to have been inflicted by appellant upon him in McLennan county, Tex., as the result of an assault and beating, false imprisonment, etc. The suit was filed February 26, 1926, returnable to the April term of the Nineteenth district court of McLennan county, which convened on April 5, 1926. On April 6, 1926, the appearance day for said term, the defendant, appellant herein, filed his plea of privilege to be sued in the county of his residence, to wit, Runnels county, Tex. On April 14, 1926, appellee filed his controverting affidavit to appellant's plea of privilege. The plea of privilege was not set for trial, no notice of said controverting affidavit served upon appellant, and no order made or action taken on said plea of privilege during the April term of said court. On the 23d of September, 1926, at the ensuing term of said court, appellee filed a motion to dismiss said cause and take a nonsuit. On October 2, 1926, upon receiving notice of said motion, appellant filed a motion to strike out appellee's controverting affidavit on the ground that same was filed too late, and alleged appellee had filed the same cause in the Seventy-Fourth district court of McLennan county, Tex., and that appellee was attempting to evade the result of having filed said controverting affidavit too late by a dismissal of this suit. On said date, October 2, 1926, the court heard appellee's motion to be permitted to take a nonsuit, and granted same, and from such order of dismissal appellant prosecutes this appeal.

[1, 2] Article 2007, Revised Statutes 1925, after prescribing the requisites of a plea of privilege, provides:

"And such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue. If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

Article 2008 provides, in effect, that upon the filing of such controverting plea, the judge or justice of the peace shall note on same a time for a hearing on the plea of privilege, which shall not be had, except by agreement, until ten days after a copy of said controverting plea shall have been served on each defendant, after which the court shall promptly hear such plea of privilege and enter judgment thereon. We think the purpose of the amendments to our statutes above referred to was to provide a clear and effective method or procedure for the adjudication of the issue of venue in a pending suit, somewhat similar to the procedure for the trial of the main issues in such case. The filing of the plea of privilege to be sued in the county of his residence by

a defendant makes a prima facie case of his right to have the case removed to such county. The statute prescribes the plaintiff must file his controverting plea in five days, setting forth specifically the grounds on which he relies to maintain jurisdiction over the defendant in the county where such suit is pending. The issues are thus formed; but before such issues can be tried, a copy of said controverting plea is required to be served on the defendant. In this case the controverting plea was not filed in five days of the appearance day, April 6, 1926, as provided by statute, but was filed about eight days thereafter, being April 14, 1926. The plea of privilege was not set for trial, nor was any notice of said controverting plea served on defendant. No action was taken on the plea during the April term of court, and on September 23, 1926, at the ensuing term of court, no action yet having been taken on said plea, appellee filed a motion to take a nonsuit, and on October 2d, appellant filed a motion to strike out the controverting plea, and resisting the nonsuit. We think if appellant, after the expiration of the five days for filing the controverting plea and before same was actually filed, had asked the court for an order transferring said cause, the court should have granted same, but we do not think the failure to file said controverting plea within the five days automatically transferred said cause, or deprived the court of any jurisdiction over said cause to enter a nonsuit. First Nat. Bank v. Childs (Tex. Civ. App.) 231 S. W. 807; Old v. Clark (Tex. Civ. App.) 271 S. W. 183. The question involved here was the right of appellee to take a nonsuit of the case. At the time application was made for the nonsuit on September 23, 1926, no order had been made on the plea of privilege, and none asked until October 2d, 1926, the date on which the motion for nonsuit was granted. Article 2182, Revised Statutes of 1925, provides in part:

"When the case is tried by the judge, such nonsuit may be taken at any time before the decision is announced."

When the nonsuit was granted in this case, the court was not even engaged upon the trial of either said cause or the plea of privilege pending in said cause. We think the court was correct in granting the nonsuit. Article 2182, Revised Civil Statutes 1925; Weil v. Abeel (Tex. Civ. App.) 206 S. W. 735, and cases there cited.

[3] We thing further the controverting plea having been filed prior to October 2, 1926, and on said date appellant, having filed a motion to strike same out, thereby entered his appearance in the proceeding on the plea of privilege and thereby waived service of said controverting plea, and that said proceeding was then in condition to be tried by the court, but that the court properly took up the motion for nonsuit first, which being granted, obviated the necessity of trying the question of venue.

[4, 5] We think further that appellant's contention that the filing of said plea of privilege was asking for affirmative relief is unsound. We do not think appellant, who was defendant in the trial court, and who had filed no cross-action seeking affirmative relief, is in a position to complain of appellee's being permitted to take a nonsuit.

We have considered all of appellant's assignments, and, finding no reversible error, the judgment of the trial court is affirmed.