### HOME BEN. ASS'N et al. v. SIMS.
### No. 1075.

Court of Civil Appeals of Texas. Waco.

June 11, 1931.

Morrow & Clark, of Hillsboro, and Oltorf & Oltorf, of Marlin, for plaintiffs in error.

A. C. Scurlock, of Dallas, for defendant in error.

GALLAGHER, C. J.

Defendant in error, Mrs. Lona Sims, instituted this suit in the district court of Hill county against plaintiffs in error, Home Bene-

fit Association, a local unincorporated mutual aid association, J. W. Torbett and Michael S. Hunt, president and secretary thereof, respectively, to recover on an insurance contract issued by said association to William T. Sims, by the terms of which it agreed to pay to defendant in error, his wife, as beneficiary the maximum sum of $4,000 in case of the accidental death of the insured. Defendant in error alleged that said contract had been matured by the accidental death of the insured; that due proof thereof had been made and submitted to said association; and that it had refused to pay her claim. Process returnable to the July term, 1930, of the court was issued and served on plaintiffs in error. July 8th was appearance day of said term. Prior thereto each of the plaintiffs in error filed a separate plea of privilege and prayed therein that the cause be transferred to the district court of Falls county, in which the home office of said association was maintained and in which said Torbett resided. Defendant in error thereafter on the 14th day of July filed in said cause an affidavit controverting said plea of privilege. No further action of any character in said cause is shown until the 5th day of November, 1930, when defendant in error filed therein her motion for permission to take a voluntary nonsuit. Said motion was on the same day granted by the court and an order dismissing the cause was duly entered. Apparently no further proceedings were had in said cause until the 1st day of May, 1931, at which time plaintiffs in error filed therein their petition and bond for writ of error to this court.

### Opinion.

Plaintiffs in error contend that since defendant in error's controverting affidavit was not filed within five days from and after appearance day, the court after the expiration of such time had no power nor authority to enter any other order or decree except one transferring the cause to the district court of Falls county for trial, and that the order of dismissal entered at a subsequent term of the court was void.

The precise issue presented for determination herein was considered by our Supreme Court in Atlantic Oil Producing Company v. Jackson, 116 Tex. 570, 296 S. W. 283, in which the court held that the filing of a plea of privilege and the failure of plaintiff to controvert the same within the time limited by law did not deprive the plaintiff of the right, at any time before the court announced his decision to transfer the case in response to such plea, to take a voluntary nonsuit under the provisions of article 2182 of the Revised Statutes, and that the action of the court in granting such nonsuit, instead of being void, was entirely correct. See also H. H. Watson Co. v. Cobb Grain Co. (Tex. Com.

App.) 292 S. W. 174, 177; Hewitt v. De Leon (Tex. Civ. App.) 293 S. W. 301, pars. 1 and 2.

The judgment of the trial court is therefore affirmed.