## RICE et al. v. W. T. RALEIGH CO.

No. 10993.

Court of Civil Appeals of Texas. Dallas.

April 2, 1932.

Ashworth, Crisp & Ashworth, of Kaufman, for plaintiffs in error.

Stimson & Miller, of Royse City, for defendant in error.

VAUGHAN, J.

Defendant in error, a private corporation, with its principal place of business at Freeport, Ill., brought suit in the court below against plaintiffs in error, W. H. Rice, S. M. Lagow, and J. T. Rice, to recover the sum of $261, together with 10 per cent. attorney's fee, alleged to be due defendant in error by W. H. Rice for certain goods, wares, and medicine sold and delivered to said Rice upon written orders executed by him, and alleging that said Lagow and J. T. Rice became liable for said amount by virtue of an alleged guaranty agreement executed by them as sureties for W. H. Rice. All of the defendants prior to and at the time suit was filed resided, and still reside, in Kaufman county, Tex.

Plaintiffs in error filed their plea of privilege to be sued in the county of their residence in due time and in accordance with the statute; no controverting affidavit was ever filed by defendant in error and no further appearance was made by plaintiffs in error. The county court of Rockwall county convened for its regular term on the 7th day of July, 1930, and the judge of said court entered an order on the 10th day of July, 1930, granting defendant in error (plaintiff in the court below) leave to take a nonsuit, no order having theretofore been entered disposing of said plea of privilege.

On January 3, 1931, plaintiffs in error filed their petition for writ of error and perfected said writ to this court upon the following assignment of error: "The court erred in not transferring this cause to the County Court of Kaufman County, Texas, and permitting the plaintiff to take a non-suit."

The right to take a nonsuit is authorized by the following statutory provision, namely, article 2182, R. C. S.: "At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced." The disposition of a plea of privilege is governed by the following provisions of R. C. S. 1925: Article 2007, in part: "If the plaintiff desires to controvert the plea of privilege, he shall within

five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." Article 2008, in part: "Such hearing * * * shall not be had until a copy of such controverting plea, * * * shall have been served on each defendant, or his attorney, for at least ten days exclusive of the day of service and the date of hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon. Either party may appeal from the judgment sustaining or overruling the plea of privilege, and if the judgment is one sustaining the plea of privilege and an appeal is taken, such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal."

There is no conflict between the provisions conferring the right to take a nonsuit and the provisions regulating the disposition of a plea of privilege, or the effect accomplished by the enforcement of said statutes. While the provisions of the venue articles are mandatory the scope of same cannot be extended so as to accomplish other than its purpose, namely, the protection of a defendant to a suit in his right to be sued in the county of his residence, unless it be established that an exception to exclusive venue in the county of his residence, provided by law, exists in the suit filed against him in a county other than the county of his residence. Filing of a plea of privilege is not the assertion of a claim for affirmative relief, being only a dilatory plea presenting no defense to the merits of the plaintiff's cause of action, and asserting no cause of action, in any respect, against him; while the taking of a nonsuit destroys only the effect produced by the filing of a suit, viz., the power of the court to hear and determine same—said order in no respect passing upon the merits of the suit. Our Supreme Court, in the case of Atlantic Oil Producing Co. v. W. T. Jackson, District Judge et al., 116 Tex. 570, 296 S. W. 283, in passing upon the identical question presented by this appeal, used the following language: "We have no doubt that the right conferred on a plaintiff by article 2182 of the Revised Statutes to take a voluntary nonsuit in a case tried without a jury 'at any time before the decision is announced,' is not lost by the filing of an uncontested plea of privilege under articles 2007 and 2008. Hence the action of the trial court in granting the nonsuit instead of being void was entirely correct." To the same effect is the holding in the following cases: H. H. Watson Co. v. Cobb Grain Company (Tex. Com. App.) 292 S. W. 177; Home Benefit Association et al. v. Sims (Tex. Civ. App.) 39 S.W.(2d) 1099; Hewitt v. DeLeon (Tex. Civ.

App.) 293 S. W. 301; Weil v. Abeel (Tex. Civ. App.) 206 S. W. 735. In the last-cited case it was held that the right to take a nonsuit before a final decision is announced is a statutory right and is not a matter of discretion for the court.

The trial court did not err in permitting the nonsuit to be taken, and its judgment is in all respects affirmed.

Affirmed.