Monroe ALBERT, M. D., Appellant,

v.

Arnold ALBERT, M. D., Appellee.

No. 14240.

Court of Civil Appeals of Texas.

San Antonio.

March 18, 1964.

Rehearing Denied April 15, 1964.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellant.

Levey & Goldstein, San Antonio, for appellee.

MURRAY, Chief Justice.

Appellant, Monroe Albert, instituted this suit in the District Court of Bexar County, Texas, against appellee, Arnold Albert, seeking to recover damages for the breach of an arbitration award which had been agreed to and ratified by them. The trial was to a jury and resulted in judgment in appellant's favor in the sum of $56.63, together with interest and certain costs, from which judgment Monroe Albert has prosecuted this appeal.

Monroe and Arnold Albert are brothers. They were partners and owned considerable property as such partners. A disagreement arose between them, and they decided to submit their differences to arbitrators. The arbitrators made a report and also a supplemental report, which were agreed to and ratified by the two brothers. This suit was instituted for an alleged breach of this arbitration agreement. Appellee answered, filed a cross-action to set aside the arbitration award, and sought judgment dissolving the partnership, and for recovery of one-half of the partnership assets.

The trial was begun on March 5, 1963, went to the jury on March 12, at 1:37 p. m., and the jury returned its verdict at 6:10 p. m. on the same day. On March 29, 1963, some seventeen days after the jury had returned a verdict, on motion of appellee to take a non-suit as to his first trial amendment and cross-action, the trial court, without prejudice, dismissed appellee's counterclaim for certain sums alleged to be due for rent. This action of the trial court which was taken over appellant's objection, is his principal complaint.

We are of the opinion that the trial court erred in dismissing appellee's cross-action without prejudice, after the jury had retired to consider its verdict, after the jury had returned its verdict into open court, and after such verdict had been received by the trial court. Rule 164, Texas Rules of Civil Procedure, provides as follows:

"At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced."

It would appear from the provision of this rule that a party has an absolute right to take a non-suit in a jury trial at any time before the jury retires to consider its verdict. Brooks v. O'Connor, 120 Tex. 126,

39 S.W.2d 14; Morris v. University of Texas, Tex.Civ.App., 348 S.W.2d 644, reversed on other grounds, 352 S.W.2d 947; Rice v. W. T. Raleigh Co., Tex.Civ.App., 48 S.W.2d 648; Cox v. Texas Electric Ry., Tex.Civ.App., 32 S.W.2d 669, aff., Tex.Com. App., 49 S.W.2d 725, 89 A.L.R. 11. It further seems that the court may, within its discretion, grant a non-suit even after the jury has retired, Vincent v. Bell, Tex.Civ. App., 22 S.W.2d 753; 89 A.L.R. 70; 126 A.L.R. 284, but where the jury has returned its verdict the trial court cannot grant a motion for non-suit without prejudice, unless he first sets the verdict aside. Simpson v. Charity Benev. Ass'n, 137 Tex. 215, 152 S.W.2d 1093; Hume v. Schintz, 91 Tex. 204, 42 S.W. 543; 20 Tex.Jur.2d 182, § 6.

The trial court in this case did not set the verdict aside, but proceeded to render judgment on such verdict. The court erred in permitting appellee to take a non-suit as to his cross-action without prejudice after it had received the verdict of the jury.

Appellee says, in effect, that we should treat this case as a trial before the court without a jury, because his cross-action only presented a question of law, and there were no questions of fact with reference to it which could or should have been submitted to the jury. We do not agree. We think there were questions of fact which should have been submitted to the jury with reference to the cross-action, but even if we are mistaken in this, the situation here is covered by Rule 164, supra, and under the provisions of this rule the trial court was without jurisdiction to grant appellee a non-suit without prejudice at the time it did so.

The trial court erred in not denying appellee any relief sought by him in his first trial amendment and cross-action, because it was for rents alleged to be due him by appellant. Appellee stipulated that the monthly rentals had all been paid, including $500.00 for some months and $600.00 for the others, and in the face of this stipulation he cannot recover any further rents from appellant.

Accordingly, the judgment of the trial court will be reformed and amended so as to eliminate that part which grants to appellee the right to take a non-suit as to his first trial amendment and cross-action, without prejudice, and judgment will be here rendered that appellee take nothing by reason of the cross-action stated in his first trial amendment, and the judgment of the trial court, as thus reformed and amended is affirmed.

Reformed, amended and affirmed.