**Arnold ALBERT, Appellant,**

v.

**Monroe ALBERT, Appellee.**

**No. 14382.**

Court of Civil Appeals of Texas.

San Antonio.

May 12, 1965.

Rehearing Denied June 9, 1965.

Levey & Goldstein, San Antonio, for appellant.

Morriss, Boatwright, Lewis & Davis, San Antonio, for appellee.

BARROW, Justice.

This suit was filed by appellee, Monroe Albert, against his brother, Arnold Albert, for an accounting after dissolution of a medical clinic operated by them as partners, and to recover for a shortage in receipts allegedly caused by appellant's negligence. The jury found that appellant as managing partner of the clinic was negligent in the fiscal controls of the partnership and that appellee sustained a loss of $4,212.50 as a proximate result of these acts of negligence.[1]  Judgment was entered on these

1. (1) Dr. Arnold Albert was the managing partner in substantial control over and in supervision of the cash receipts and deposits of the Albert Clinic, during the period from January 1, 1959, through March 31, 1960.

(4) Dr. Arnold Albert failed to institute a system of procedures and controls over the receipts and deposits of the Albert Clinic to secure a proper accounting of all receipts of the Albert Clinic partnership during the period from January 1, 1959 through March 31, 1960.

(7) Dr. Arnold Albert knew, or by the exercise of reasonable diligence, should have known, of the shortages occurring in deposits to the partnership bank accounts during the period from Jan. 1, 1959 through March 31, 1960.

(8) Dr. Arnold Albert failed to take such steps to prevent such shortages, as a person of ordinary prudence, in the exercise of ordinary care, would have taken under the same or similar circumstances.

(10) Dr. Arnold Albert failed to exercise such supervisory control of the personnel with access to the receipts of the Albert Clinic partnership during the period in question, as a person of ordinary prudence, in the exercise of ordinary care, would have exercised under the same or similar circumstances.

findings and Arnold Albert has perfected this appeal.

This partnership was entered into by written agreement executed in September, 1954, and was dissolved by written agreement effective November 12, 1960. By this latter agreement both parties expressly accepted and agreed to abide by the award of arbitrators who had been appointed by them, under the terms of the partnership agreement, to resolve the disputes, differences and questions which had arisen between the parties touching upon the partnership and the accounts and transactions thereof, and the dissolution and winding up of the partnership. Despite the acceptance of the award made by the arbitrators, this is the second bitterly contested suit between these parties to reach this Court, relating to this partnership and the dissolution thereof. See Albert v. Albert, Tex.Civ.App., 377 S.W.2d 772, wr. ref., n. r. e.

Appellant pleaded that the award of the arbitrators was a bar to this cause of action and by this appeal urges that a take-nothing judgment should have been rendered on the jury's finding that the parties submitted to arbitration the matter of an accounting of the partnership receipts in connection with the alleged shortage.[2] Appellee says that this suit is one for damages based on a negligence claim, and that, in any event, since the arbitrators made no award on the accounting claim, same is not barred.

One of the issues submitted to the arbitrators by written instruction of appellee's attorney was: "To determine an accounting between the partners as to cash collected and not accounted for, if any." It is undisputed that the arbitrators heard testimony relating to the manner of keeping the partnership books and receipts from both partners, their bookkeeper, a certified public accountant, who had audited the books for the period in controversy, and one or more employees of the clinic. Rabbi Grossman, the arbitrator selected by appellee, testified that the question of a cash shortage and accountability therefor was presented to the arbitrators, and they spent considerable time, heard considerable evidence, and made an extensive investigation of their own in order to determine the responsibility for the shortage in the accounts of the clinic. Apparently they were unable to do so, as the award of the arbitrators made no mention of this claim.

It is well settled law that the award of an arbitrator in a matter properly submitted to arbitration is final and conclusive, unless it be shown that the arbitrator was guilty of fraud, misconduct, or such gross mistake as would imply bad faith or failure to exercise an honest judgment. City of San Antonio v. McKenzie Const. Co., 136 Tex. 315, 150 S.W.2d 989 (1941); Smith v. Barnett, Tex.Civ.App., 373 S.W.2d 762; Johnson v. American Can Co., Tex. Civ.App., 361 S.W.2d 451; Johnson v. Korn, Tex.Civ.App., 117 S.W.2d 514, wr. ref. Generally speaking, a valid award of the arbitrator in the matter submitted to him is given the same effect as a valid judgment. Alderman v. Alderman, Tex.Civ.App., 296 S.W.2d 312, wr. ref.; Ferguson v. Ferguson, Tex.Civ.App., 127 S.W.2d 1018, wr. dism.; 6 Tex.Jur.2d, Arbitration and Award, § 51.

Appellee alleged in this suit, substantially, that an audit of the partnership books showed a deficit for the period of January 1, 1959, to March 31, 1960, and that appellant, as senior partner, had exclusive supervision and control of the employees and was negligent in not taking proper action to prevent the shortage. Appellee prayed that he have judgment for an accounting and for the amounts shown to be due him with interest, for his damages, for costs, and for general relief. Appellant asserted that the brothers were equal partners and both were responsible for any shortcomings in their bookkeeping and internal control, and that all issues relating to dissolution of the part-

2. (13) On or about March 21, 1960, Dr. Monroe Albert and Dr. Arnold Albert submitted to arbitration the matter of an accounting of the partnership receipts in connection with an alleged shortage thereof.

nership had been settled by the arbitration award.

We believe the proper rule to be applied in this case, as stated in American Jurisprudence, is as follows: "Once a valid award is made, it and the submission upon which it is founded are the sole basis for any further determination of the rights of the parties with respect to any demands embraced in the submission, for the latter are merged and extinguished in the award." 5 Am.Jur.2d, Arbitration and Award, § 146. See Springs Cotton Mills v. Buster Boy Suit Co., 88 N.Y.S.2d 295, 275 App.Div. 196, aff., 89 N.E.2d 877, 300 N.Y. 586, reh. den. 91 N.E.2d 330, 300 N.Y. 680; Sapp v. Barenfeld, Sup.Ct. California, 34 Cal.2d 515, 212 P.2d 233; Louison v. Fischmann, 341 Mass. 309, 168 N.E.2d 340.

The arbitration agreement entered into by the parties evidenced the stated intention of resolving all disputes, differences and questions which had arisen between the partners touching the partnership and the dissolution and winding up thereof. This was clearly a general and unlimited submission. Cf. DeVries v. Persons & Whitmore, Sup., 75 N.Y.S.2d 597; Rosa v. Transport Operators Co., 45 N.J.Super. 548, 133 A.2d 24. The parties knew when the award was accepted by them that, although the matter of the accounting and responsibility for the shortage had been submitted to the arbitrators and considered by them, no award was made and this claim was not reserved for future determination. To permit the disappointed party to thereafter reassert this claim, although the award was accepted in other respects, would defeat the purpose of arbitration, which is to avoid litigation. Alderman v. Alderman, supra. Furthermore, it is seen that the omission of this submitted and considered claim amounted to an implied denial of same under the general rule relating to the construction of a judgment. Vance v. Wilson, 382 S.W.2d 107 (Tex.1964); 4 McDonald, Texas Civil Practice, § 17.10.

It is our opinion that the award of the arbitrators which was accepted by appellee operates as a bar to his reassertion of this claim. The trial court erred in not entering a take-nothing judgment upon the jury's finding that same had been submitted to the arbitrators. Appellant's other points, complaining of the judgment, are therefore immaterial.

The judgment of the trial court is reversed and judgment here rendered that appellee, Monroe Albert, take nothing by his suit against appellant, Arnold Albert.

CADENA, J., not sitting.